Gordon E. PRICE, Appellant,

v.

UNITED STATES of America,
et al., Appellees.

No. 00–5185.

United States Court of Appeals,
District of Columbia Circuit.

Decided Sept. 26, 2000.

Gordon E. Price, pro se.

Wilma A. Lewis, United States Attorney, and R. Craig Lawrence and Edward D. Alkalay, Assistant United States Attorneys, were on motion for the appellees.

Before: GINSBURG, SENTELLE and HENDERSON, Circuit Judges.

Opinion for the court filed PER CURIAM.

PER CURIAM:

Gordon Price, appearing *pro se*, filed a complaint in the district court alleging the United States Department of Veteran Affairs (VA) wrongfully failed to reimburse him for certain medical expenses he incurred in October 1994 while hospitalized for an emergency colon cancer operation at a non-VA medical facility. Price also alleged Northeast Florida Credit Bureau (Northeast) caused him harm when it persistently sought to collect on the unpaid medical bills on behalf of the medical service providers. As relief, Price sought $5 million in damages from the government alone, apparently for his medical expenses and emotional distress. The district court vacated an entry of default against Northeast and dismissed the complaint for failure to state a claim. Price appealed and both he and the government filed cross–motions for summary disposition. Because the district court lacked jurisdiction to consider an indirect challenge to the government's veterans' benefits determination, we grant the government's motion and deny Price's motion.

■ As amended by the Veterans Judicial Review Act, Pub.L. No. 100–687, 102 Stat. 4105 (1988) (VJRA), the Veterans' Benefits Act of 1957, Pub.L. No. 85–56, 71 Stat. 83, precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits, including medical expense reimbursement. 38 U.S.C. § 511(a); *see Larrabee v. Derwinski*, 968 F.2d 1497, 1499–1501 (2d Cir.1992) (detailing history of veterans' benefits legislation); *see also Zimick v. West*, 11 Vet. App. 45, 48 (Vet.App.1998) (term "benefit" encompasses medical expenses veteran incurred at non-VA facility) (citing 38 C.F.R. § 20.3(e)). The exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit. *See* 38 U.S.C. §§ 511, 7252, 7292; *In re Russell*, 155 F.3d 1012 (8th Cir.1998) (per curiam); *Beamon v. Brown*, 125 F.3d 965, 967–71 (6th Cir.1997); *Larrabee*, 968 F.2d at 1501.

The district court lacked jurisdiction to consider Price's federal claim because underlying the claim is an allegation that the VA unjustifiably denied him a veterans' benefit. Price alleged the VA's failure to pay his medical bills was wrongful because the agency was under a legal obligation to make payment on account of Price's veteran status. He attached to his amended complaint a September 1996 letter from the VA's Gainesville, Florida office advising Price the office had received his request for reimbursement but could not process his claim because Price failed to provide the personal information necessary to verify his veteran status and ascertain the nature of the claim. In the letter, the VA explained the eligibility criteria for reimbursement for medical services at a non-VA facility and directed Price's attention to an enclosed claim form. *See* 38 U.S.C. § 1728 (setting forth scheme for VA reimbursement of certain medical expenses incurred by veterans). Price referred to the 1996 letter in the amended complaint, asserting that he met the eligibility criteria.

The record does not reflect whether Price pursued a formal reimbursement claim with the VA. Nevertheless, because Price is challenging the VA's action or inaction with respect to a veterans' benefits matter, the district court lacked subject matter jurisdiction over the complaint. *See* 38 U.S.C. § 511(a); *Weaver v. United States*, 98 F.3d 518, 519–20 (10th Cir.1996) (the substance of veteran's claims, not the labels plaintiff assigns them, governs jurisdictional determination); *cf. Kidwell v. De-*

*partment of the Army, Bd. for Correction of Military Records,* 56 F.3d 279, 284 (D.C.Cir.1995) (plain language of complaint does not settle question of Tucker Act jurisdiction—court looks to the complaint's substance, not merely its form).

■ Perhaps to avert a headlong collision with 38 U.S.C. § 511(a), the district court liberally construed Price's complaint as asserting a federal tort claim for intentional or negligent failure to pay medical bills. Under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.,* a tort claim is actionable if it arises "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Federal Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 477, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (quoting 28 U.S.C. § 1346(b)). Because the alleged wrong committed by the VA took place in Florida, liability for negligent or intentional failure to pay a medical bill must be determined in accordance with Florida law. *See Tarpeh–Doe v. United States,* 28 F.3d 120, 123 (D.C.Cir.1994).

■ Florida does recognize a cause of action analogous to that which Price appears to be asserting. By Florida statute a person may sue an insurer when the person is damaged by an insurer's "bad faith" failure to settle his or her claim. Fla. Stat. ch. 624.155(1)(b)(1); *see Time Ins. Co. v. Burger,* 712 So.2d 389, 391 (Fla.1998). The Florida Supreme Court has construed the statute as encompassing claims that the insurer unjustifiably refused to pay an insured's medical or hospital bills, resulting in the insured's inability to obtain additional health care. *Burger,* 712 So.2d at 392. The insured may also recover damages for emotional distress. *Id.*

■ Nevertheless, assuming Price's damages claim is cognizable under Florida Statute 624.155(1)(b)(1), a necessary predicate of such a claim is a determination that the insurer acted in bad faith. *See id.* Here, the propriety of the VA's purported refusal to reimburse Price has not yet been established. Because a determination whether the VA acted in bad faith or with negligence would require the district court to determine first whether the VA acted properly in handling Price's request for reimbursement, judicial review is foreclosed by 38 U.S.C. § 511(a). The courts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction. *See, e.g., Beamon,* 125 F.3d at 972–74 (due process challenge to VA procedures); *Weaver,* 98 F.3d at 520 (claims of fraud and misrepresentation in handling of benefits claim); *Hicks v. Small,* 69 F.3d 967, 970 (9th Cir.1995) (tort claims of outrage and intentional infliction of emotional distress based on VA's reduction of benefits); *Sugrue v. Derwinski,* 26 F.3d 8, 11 (2d Cir.1994) (due process, Privacy Act and FOIA challenges to VA's failure to raise disability rating); *Rosen v. Walters,* 719 F.2d 1422, 1425 (9th Cir.1983) (Privacy Act claim based on destruction of medical records pertinent to claim for veterans' disability benefits) (construing predecessor statute, 38 U.S.C. § 211(a)).

■ For the preceding reasons, we conclude the district court lacked subject matter jurisdiction over Price's federal claim. As a consequence, the court necessarily also lacked supplemental jurisdiction over Price's state law claim against Northeast. *See* 28 U.S.C. § 1367(a); *Scarfo v. Ginsberg,* 175 F.3d 957, 962 (11th Cir.1999) (collecting authorities); *Harris v. Secretary, United States Dep't of Veterans Affairs,* 126 F.3d 339, 346 (D.C.Cir.1997). Accordingly, the judgment of the district court is

*Affirmed.*