# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued November 12, 2004        Decided January 14, 2005

Reissued March 7, 2005

No. 03-5182

OSCAR L. THOMAS,
APPELLANT

v.

ANTHONY J. PRINCIPI, SECRETARY, DEPARTMENT OF
VETERANS AFFAIRS, ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 02cv01743)

———

*Matthew T. Reinhard*, appointed by the court, argued the cause as amicus curiae in support of appellant. With him on the briefs was *Alan I. Horowitz.*

*Oscar L. Thomas*, pro se, filed briefs for appellant.

*Pamela D. Huff*, Assistant U.S. Attorney, argued the cause for appellees. With her on the brief were *Kenneth L. Wainstein*, U.S. Attorney, and *Michael J. Ryan*, Assistant U.S. Attorney.

Opinion for the Court filed by *Circuit Judge* TATEL.

Before: GINSBURG, *Chief Judge*, and TATEL and ROBERTS, *Circuit Judges*.

TATEL, *Circuit Judge*: The Veterans' Judicial Review Act not only provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision . . . under a law that affects the provision of benefits," but also bars district courts from reviewing such decisions. In this case, we must decide whether this provision deprives the district court of jurisdiction over an action brought pursuant to the Federal Tort Claims Act by a veteran asserting (among other things) that the VA failed to inform him that a VA doctor had diagnosed him with schizophrenia. Because adjudicating this claim would not require the district court to review a question "necessary to a decision . . . under a law that affects the provision of benefits," we reverse the district court's dismissal of the complaint and remand for further proceedings consistent with this opinion.

**I.**

Reviewing the district court's dismissal of the complaint for lack of subject matter jurisdiction and failure to state a claim, *see* Fed. R. Civ. P. 12(b)(1), (6), "we construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (internal quotation marks omitted). Viewed through that lens, the record reveals the following.

Appellant Oscar L. Thomas, following his honorable discharge from the United States Army, filed for mental and physical disability benefits with the Department of Veterans Affairs in 1989. Two years later, a VA doctor concluded that Thomas had "persistent auditory hallucinosis which is troubling, so a diagnosis of schizophrenia is the most likely correct diagnosis. Some of the other adjunct symptoms are not present, however, but this will be the working diagnosis for him. He has

slight social and industrial disability resulting from this." The VA nevertheless denied Thomas's claim, stating in a letter to him that a "final diagnosis was not made." Neither the rating decision nor the doctor's report was mentioned in the letter or attached to it. *See Thomas v. Principi*, 265 F. Supp. 2d 35, 37 (D.D.C. 2003); *see also* Appellee's Br. at 4.

Thomas pursued a variety of appeals and claims for benefits. Not until 1999, however, some eight years after the VA doctor saw him, did the VA reveal to Thomas that the doctor had diagnosed him with schizophrenia. Alleging that the VA had wrongfully withheld notice of his diagnosis, thereby severely limiting his ability to pursue his livelihood, Thomas appealed to the Board of Veterans' Appeals. That appeal remains pending.

In 2001, Thomas filed an administrative tort claim—a prerequisite to bringing suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). Like Thomas's appeal to the Board, this claim asserted that the VA's failure to disclose the schizophrenia diagnosis and to treat him resulted in greater medical problems, denial of state and federal benefits, and loss of income, including earning capacity. Although the administrative tort claim also remains pending, the VA is deemed to have finally denied the claim because it failed to "make a final disposition of [the] claim within six months after it [was] filed." *See id.*; *see also Thomas*, 265 F. Supp. 2d at 38.

Acting pro se, Thomas filed suit in the United States District Court for the District of Columbia, alleging that the VA had committed medical malpractice and caused him intentional emotional distress by failing to inform him of the working diagnosis of schizophrenia. In addition to these FTCA claims, the forty-four-page complaint alleges Privacy Act violations, constitutional violations by the VA and several VA employees, defamation, fraud, loss of consortium, and estoppel. In his prayer for relief, Thomas requested compensatory and punitive

damages of over one billion dollars from both the government and individual VA employees.

The VA moved to dismiss, or alternatively for summary judgment. Among other things, the VA argued that Thomas's FTCA claim was jurisdictionally barred by 38 U.S.C. § 511, which prohibits district courts from reviewing "all questions of law and fact necessary to a decision by the Secretary [for Veterans Affairs] under a law that affects the provision of benefits by the Secretary to veterans."

The district court agreed with the VA, granting its motion to dismiss the FTCA claims for lack of subject matter jurisdiction. 265 F. Supp. 2d at 41. Reasoning that "the gravamen of plaintiff's claim is that [the VA] . . . failed to treat [him] . . . for schizophrenia . . . and other medical conditions," the district court found that judicial review "would require the Court to second-guess medical judgments made by DVA." *Id.* at 39. Thus, "[a] favorable decision as to plaintiff's claims would entail a finding that defendants should have provided a particular quantum of medical treatment to plaintiff that they did not in fact provide . . . . [S]uch a finding is flatly forbidden by § 511." *Id*. at 39.

Via the same analysis, the district court dismissed Thomas's Privacy Act and constitutional claims for lack of subject matter jurisdiction. *Id*. at 39-40. Finding that Thomas's defamation and fraud claims, though perhaps permissible under section 511, were excluded from the FTCA's sovereign immunity waiver, the district court dismissed these claims as well. *Id*. at 40. Finally, the court denied Thomas's request for leave to amend his complaint to add (1) a Privacy Act claim against the Assistant United States Attorney for discussing Thomas's medical records in the VA's motion to dismiss, (2) another tort claim against the VA for failure to "diagnose, inform, warn, or treat," and (3) a legal malpractice claim against Thomas's former legal representatives for failing to give him documents sent to them

by the VA.  *Id.* at 40 n.5.

Following Thomas's timely appeal, we appointed amicus curiae, who has ably briefed and argued Thomas's FTCA claims.  We consider those claims in Part II and Thomas's other claims in Part III.

## II.

The VA argues that the "District court properly granted summary judgment in favor of the government [because] Thomas did not provide any evidence that the VA's action were [*sic*] wrongful."  Appellee's Br. at 9.  This argument suffers from two defects.  First, it rests on an incorrect premise.  The district court did not grant summary judgment for the government.  Instead, it dismissed Thomas's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The government did file a motion for summary judgment as an alternative to its motion to dismiss, but the district court granted only the latter.  Second, Thomas's failure to "provide any evidence" is hardly surprising given that the district court's ruling preceded discovery, mooting Thomas's motion to commence discovery.

Both in its brief and at oral argument, the VA also suggested that Thomas may not in fact suffer from schizophrenia.  The VA, however, does not deny that for eight years it failed to advise Thomas of the working diagnosis of schizophrenia, and whether or not Thomas actually suffers from schizophrenia is a question the district court will have to resolve *if* it has jurisdiction over Thomas's FTCA claim.  We now turn to that jurisdictional issue.

Section 511 provides:

The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans

or the dependents or survivors of veterans. . . . [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511. Other provisions of the Act demarcate the path to appellate review of secretarial benefits decisions: claimants may first appeal to the Board of Veterans' Appeals, *id.* § 7104(a), then to the Court of Appeals for Veterans' Claims, *id.* § 7252(a), to the Federal Circuit, *id.* § 7292(c), and ultimately to the Supreme Court, *id*.

According to the VA, "[f]ederal courts construing the predecessors to section 511 have consistently recognized that the statute barred district court consideration of individual claims for veterans' benefits." Appellee's Br. at 11. True enough, but our task here is to determine whether Thomas has presented any such claims.

We have addressed section 511's scope only once. In *Price v. United States,* we held that "the district court lacked jurisdiction to consider [appellant's] federal claim because underlying the claim is an allegation that the VA unjustifiably denied him a veterans' benefit." 228 F.3d 420, 421 (D.C. Cir. 2001) (per curiam). Assuming appellant's damages claim was cognizable under a Florida tort statute, we found that the Florida cause of action depended on whether the insurer—in that case the VA—had acted in bad faith. *Id.* at 422. Reasoning that a "determination whether the VA acted in bad faith or with negligence would require the district court to determine first whether the VA acted properly in handling Price's request for reimbursement," we concluded that section 511 foreclosed judicial review. *Id.*

Applying *Price* to the facts of this case, we must determine whether adjudicating Thomas's claims would require the district

court "to determine first whether the VA acted properly in handling" Thomas's benefits request. *Id.* Given that we hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and giving Thomas the benefit of all inferences, as we must at this stage of the litigation, we think he has alleged at least some VA actions that the district court can adjudicate without "determin[ing] first" whether Thomas was entitled to a certain level of benefits.

For example, Count III, alleging intentional infliction of emotional distress, states that "Defendants [*sic*] outrageous conduct in covering up the presence of a diagnosis of Schizophrenia with slight social and industrial disability because of this, for more than 10 years, was intentionally and recklessly directed at Plaintiff." Compl. ¶ 31. Count V, labeled "Gross Negligence, Medical Negligence, and Legal Misconduct," alleges that defendants negligently "failed to inform Plaintiff of the diagnosis, and about the risk of an untoward outcome." Compl. ¶ 62. Similarly, Count X, entitled "Medical Malpractice," alleges that

> [e]ach of these defendants failed to take responsibility by not ensuring and taking time to communicate the risks and choices that were available to Plaintiff, e.g., the right to know, (1) you have been diagnosed with Schizophrenia with slight social and industrial impairment because of this, (2) you have the choices of receiving medical treatment care from DVA, or to not receive treatment from DVA, and we let you make these choices; or inform Plaintiff that . . . 'your claims for Schizophrenia is [*sic*] denied.'

Compl. ¶ 95. Because none of these claims alleges that the VA failed to pay for treatment (or even to provide for treatment), they raise no "questions of law [or] fact necessary to a decision by the Secretary under a law that affects the provision of benefits." 38 U.S.C. § 511. The raised "questions of law and

fact" relate to whether the alleged withholding of the diagnosis states a tort claim, and resolution of those questions is not "necessary" to the benefits determination. *See id.* Putting the issue in *Price*'s terms, no denial of benefits "underl[ies]" Thomas's failure-to-inform allegations. *See* 228 F.3d at 421.

In reaching a different conclusion, the district court cited the regulatory definition of "benefit," which includes "any . . . service, . . . entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans." 38 C.F.R. § 20.3(e). But neither the district court nor the VA maintains that "service" spans so broadly as to encompass an alleged duty to inform. Indeed, when pressed at oral argument, counsel for the VA agreed that if a VA doctor left a sponge inside a patient during surgery, section 511 would permit an FTCA malpractice suit in district court. Reiterating our reliance on *Price*, we reject any implication that all action or inaction by the VA represents a type of "service," and therefore automatically constitutes a "benefit."

To be sure, as amicus acknowledges, not all of Thomas's tort allegations survive the standard articulated in *Price*. For example, Count X alleges that the VA "failed to render the appropriate medical care services that are delivered to alleviate a harmful medical condition, which is calculated to prevent, diagnose, correct, cure, alleviate, or prevent the worsening in the Plaintiff." Compl. ¶ 109. Likewise, Count III claims (among other things) that the VA's "continuous and persistent deprivation and denial of known needed and necessary medical care treatment . . . caused Plaintiff severe emotional distress." Compl. ¶ 29. Because adjudicating these allegations—failure to "render appropriate medical services" and "denial of . . . necessary medical care treatment"—would require the district court "to determine first whether the VA acted properly" in providing Thomas benefits, these claims are barred by section 511. *See Price*, 228 F.3d at 422. The district court's lack of

jurisdiction over these claims, however, has no effect on its ability to consider the non-benefits claims also raised in Counts III, V, and X.

## III.

Without benefit of amicus curiae, Thomas also challenges the district court's dismissal of his Privacy Act and *Bivens* claims, as well as its denial of his motion for leave to amend. These arguments require little discussion.

As to Thomas's Privacy Act claims, the district court correctly found them barred by section 511. Unlike the FTCA claims, counts XI and XII allege only that the VA's failure to maintain accurate and complete records adversely affected Thomas's benefits determinations.

Thomas's constitutional claims for money damages against VA employees are also barred. Under *Bivens*, "special factors" may counsel "hesitation in the absence of affirmative action by Congress" establishing liability for the acts of individual government employees. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1971). "Special factors" include "an elaborate remedial system" constructed by Congress "with careful attention to conflicting policy considerations." *Bush v. Lucas*, 462 U.S. 367, 388 (1983). Here, "the administrative process created by Congress provides for a comprehensive review of veterans' benefits disputes. Further, Congress has explicitly precluded judicial review of veterans' benefits disputes, which suggests that Congress' failure to create a remedy against individual VA employees was not an oversight." *Zuspann v. Brown*, 60 F.3d 1156, 1161 (5th Cir. 1995) (internal quotation marks omitted); *accord Sugrue v. Derwinski*, 26 F.3d 8, 12-13 (2d Cir. 1994). Because we agree with the Fifth Circuit that this combination forecloses a *Bivens* action against VA employees for constitutional torts in the context of a dispute over veterans'

benefits, we will affirm the district court's dismissal of these claims.

Finally, reviewing for abuse of discretion, *see Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam), we will also affirm the district court's denial of leave to amend the complaint to add a legal malpractice claim against Thomas's former legal representatives and another Privacy Act claim. *See* 265 F. Supp. 2d at 40 n.5. As the district court noted, Thomas "remains free to assert [these] claims in a new action against the appropriate defendants." *Id*. In light of our determination that the district court has jurisdiction over Thomas's FTCA claims, however, we will remand his request to add a claim against the VA for "failure to diagnose, inform, warn, or treat." *See id*. Once Thomas amends his complaint, the district court, applying *Price* and this decision, will need to decide whether section 511 bars the additional allegation.

## IV.

We reverse the dismissal of counts III, V, and X, as well as the denial of Thomas's request to amend his complaint to add another tort claim, and remand for further proceedings consistent with this opinion. In all other respects, we affirm.

*So ordered.*