[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15489
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-02547-CV-JEC-1

FRANK IRVIN, II,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 4, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Frank Irvin, II appeals from the district court's dismissal of his complaint challenging the decision by the Veterans Administration Medical Center (the "VAMC") in Decatur, Georgia to limit its reimbursement for Irvin's

treatment for back pain and seeking damages. On appeal, Irvin's primary argument is that the district court erred in dismissing his complaint on collateral estoppel grounds because this lawsuit raises a different issue than the one he raised in an earlier lawsuit. After careful review, we affirm.

We review de novo the district court's legal conclusions, including the applicability of the collateral estoppel doctrine. See United States v. Weiss, 467 F.3d 1300, 1308 (11th Cir. 2006). "A district court's factual determinations underlying its legal conclusion are upheld unless clearly erroneous." Id. (quotations omitted).

The relevant facts and procedural history are as follows. Plaintiff Irvin is a veteran who receives health benefits from the Department of Veteran Affairs ("VA"), and who has suffered lower back pain caused by lumbar stenosis. He previously was a patient at the North Georgia Pain Clinic ("NGPC"), and while there, his physician treated his back pain with an implanted drug infusion system (also referred to as a morphine pump). Thereafter, Irvin transferred his care from the NGPC to the Atlanta VAMC.

In September of 2003, the VAMC determined that the implanted drug infusion system was medically unnecessary for Irvin's stenosis, and that his back pain could be addressed using oral medications and a Fenatyl patch. As a result,

the VAMC decided that it would reimburse Irvin's physician for his treatment with the implanted drug infusion system only to the extent needed to wean Irvin off of it. On December 3, 2003, Irvin filed a federal court complaint challenging the VAMC's reimbursement decision (the "2003 Complaint"). The complaint challenged the VAMC's decision to limit its reimbursement of Irvin's treatment with a morphine pump to the taper and removal of the pump, and sought injunctive relief. The government moved to dismiss for lack of subject matter jurisdiction the complaint under the Veterans' Judicial Review Act (the "VJRA"), which provides:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. . . . [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). On January 14, 2004, the district court dismissed the complaint for lack of jurisdiction on grounds that the VJRA barred judicial review of a benefits decision by the VA.

In October of 2004, the VAMC reversed its decision and authorized payment to Irvin's non-VAMC physician for the morphine pump after the attempts to wean Irvin off of the pump failed. Irvin does not contend that the VAMC ever

3

issued any subsequent denial decisions with regard to the morphine pump after October of 2004.

Nevertheless, in October of 2007, Irvin filed a new complaint (the "2007 Complaint"), challenging the VAMC's decision to taper and remove his morphine pump, and seeking money damages for his "extreme pain and suffering." On the government's motion, the district court dismissed the 2007 Complaint on collateral estoppel grounds -- concluding that the issue of the district court's subject matter jurisdiction to review the VAMC's reimbursement decision regarding Irvin's implanted drug infusion system had already been decided, and that Irvin was precluded from relitigating the same issue again. Irvin now appeals that order.

Collateral estoppel refers to the concept of "issue preclusion," whereby the re-litigation of an issue that has been previously litigated and decided is precluded. See Christo v. Padgett, 223 F.3d 1324, 1339 (11th Cir. 2000). To apply collateral estoppel, the court must find that the following four prerequisites have been satisfied:

> (1) the issue at stake is identical to the one involved in the prior proceeding;

> (2) the issue was actually litigated in the prior proceeding;

> (3) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and

(4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

Id.

On the record here, we disagree with Irvin's claim that the district court erred in dismissing the 2007 Complaint on collateral estoppel grounds. As for the first prong of the test, the issued involved in both lawsuits is identical. In the 2003 Complaint, Irvin sought to enjoin the VAMC's order "to reduce my pain management system by 10% every two weeks and remov[e] . . . the implanted Meditronic Drug Infusion System." 2003 Compl. ¶ 2. In the 2007 Complaint, Irvin sought monetary compensation for the pain and suffering caused by the VAMC's order to "taper and remov[e] . . . the Plaintiff's Implanted Drug Infusion System" and substitute with oral medications. 2007 Compl. at 2. Both complaints thus challenge the VAMC's 2003 order to remove Irvin's morphine pump -- an order that clearly constitutes a "decision by the Secretary . . . that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). As a "decision . . . affect[ing]" the provision of benefits, the challenged order was subject to Section 511(a) of the VJRA, and as a result, the district court -- in both cases -- was required to determine whether Section 511(a) prohibited judicial review of the VAMC's order. Because the issue in both the 2003 and 2007 cases is

5

whether the district court had subject matter jurisdiction over Irvin's challenge to the VAMC's 2003 order, the issue is an identical one.

Irvin claims that the issues are different because he was challenging the VAMC's order in the 2003 Complaint, while he was suing for torts resulting from the VAMC's order in the 2007. We are unpersuaded. As an initial matter, Irvin does not delineate any new actions since the VAMC's 2003 order in the 2007 Complaint.[1] Rather, both complaints challenge the same 2003 order, regardless of the different causes of action Irvin ascribes to his claim. As the Supreme Court has held, "[u]nder collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980); see also Shields v. Bellsouth Advertising and Pub. Co., 228 F.3d 1284, 1289 n.7 (11th Cir. 2000) ("collateral estoppel does not require identity of the claim -- so long as the issue was determined in the previous

---

[1] Irvin does vaguely list several torts arising after the 2003 order in other parts of his initial brief, but "[i]ssues that clearly are not designated in the initial brief ordinarily are considered abandoned." Hartsfield v. Lemacks, 50 F.3d 950, 953 (11th Cir. 1995) (quotations omitted). Moreover, all the potential torts he lists -- negligent and intentional infliction of emotional distress because the VA's order was without expert review and against expert advice, and the VA allowed the pump to go into emergency status for six months; reckless conduct, negligence, and medical malpractice because the VA failed to review medical records before removing the pump, failed to have other treatment options in place, and failed to communicate risks and choices to Irvin; and pain and suffering due to the attempted removal of the pump -- involve the VAMC's 2003 order, and more broadly, are "questions of law and fact necessary to [the VA's] decision . . . affect[ing] the provision of benefits by the Secretary to" Irvin.

action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim").

As for the next two prongs of the collateral estoppel test, the issue was "actually litigated" in the earlier lawsuit, and was "critical and necessary" to the resolution of that suit. When ruling on the 2003 Complaint, the district court heard and decided that it did not have subject matter jurisdiction to review the VAMC's 2003 order. Accordingly, the very same issue in this case -- whether the district court had jurisdiction to adjudicate another challenge stemming from the VAMC's 2003 order -- was "actually litigated" in the prior one. In addition, it was "critical and necessary" to the resolution of that suit, since it meant that the district court was without jurisdiction and unable to proceed to the merits of the suit. As we have recognized, jurisdictional determinations are entitled to preclusive effect under the collateral estoppel doctrine. See North Ga. Elec. Membership Corp. v. City of Calhoun, Ga., 989 F.2d 429, 433 (11th Cir. 1993) ("Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims.") (quotations omitted). In any event, based on the record before us, Irvin has no basis for his contention that the

7

torts he now seeks to pursue in his 2007 Complaint had not yet occurred at the time of the 2003 Complaint. To the contrary, as the government points out, he brought a pain and suffering claim in an administrative action against the VA in 2003, before he filed his 2003 Complaint.

As for the final prong of the collateral estoppel test, Irvin had a "full and fair opportunity" to litigate the issue in the first lawsuit. Irvin was not only a party, but was given a full and fair opportunity to respond to the VAMC's argument that the district court lacked subject matter jurisdiction over the 2003 Complaint. Again, to the extent that Irvin argues that he was not given a full and fair opportunity to argue his tort claims in the earlier lawsuit, that is not the issue here. The issue -- both then and now -- is whether the district court had jurisdiction over a complaint challenging the VA's provision of benefits.

Irvin's other arguments contesting the district court's dismissal of his lawsuit on collateral estoppel grounds likewise fail. First, as the government argues, the 2007 Complaint was not dismissed on res judicata grounds, and it is therefore irrelevant whether that doctrine applies here. Second, because the district court properly dismissed the case on collateral estoppel grounds, it was unnecessary for the court to relitigate the very issue raised in the 2003 and 2007

Complaints -- whether it had jurisdiction to review the VA's 2003 order.[2]  Third, contrary to Irvin's argument, the VA did not waive a collateral estoppel defense -- among other things, we have held that a party does not typically waive collateral estoppel unless it proceeds to trial without having raised it, and that has not occurred here.  See North Ga. Elec. Membership, 989 F.2d at 432 ("defendants deemed to have waived a defense of . . . collateral estoppel generally raise[] the issue for the first time quite late in the proceedings -- after a trial has been lost, or on appeal") (citations omitted).  Finally, the fact that the district court's dismissal of the 2003 Complaint was without prejudice is irrelevant for purposes of collateral estoppel.  See Christo, 223 F.3d at 1339 n.47 ("The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue preclusion (as distinguished from merger and bar), 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.") (quoting Rest. (2d) Judg. § 13).

**AFFIRMED.**

---

[2] Moreover, Thomas v. Principi, 394 F.3d 970, 974 (D.C. Cir. 2005) -- which allowed a plaintiff to bring a tort claim against the VA for failing to notify the plaintiff of a schizophrenia diagnosis -- does not help Irvin's argument, because as the D.C. Circuit realized, "none of the[ plaintiff's] claims alleges that the VA failed to pay for treatment (or even provide for treatment) [nor do] they raise . . . 'questions of law [or] fact necessary to a decision by the Secretary under a law that affects the provision of benefits," and thus did not trigger Section 511(a).  Here, however, as discussed earlier, Irvin's claim in both the 2003 and 2007 Complaints is based upon a decision affecting the VA's provision of benefits to Irvin -- its 2003 order.