**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

KENNETH CHARLES LASKY,               )
                                     )
            Plaintiff,               )
                                     )
      v.                             )      Civil Action No.   12 2009
                                     )
UNITED STATES AIR FORCE,             )
                                     )
            Defendant.               )

## MEMORANDUM OPINION

This matter is before the Court upon consideration of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint.   The application will be granted, and the complaint will be dismissed.

Plaintiff alleges that "he has contracted cancer" as a result of having "conduct[ed] radar-test for the (USAF) . . . while on active duty." Compl. at 1 (page numbers designated by the Court).   Notwithstanding his less than honorable discharge on July 27, 1957, *id.* at 2, he claims that he is entitled to "the reinstatement of his military medical benefits to treat his medical conditions at a military hospital," *id.* at 1.

The Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a).   The Secretary's decision "as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court[.]" *Id.*   Therefore, this federal district court does not have jurisdiction over matters relating to veterans benefits.   *See Price v. United States*, 228 F.3d 420, 421-22 (D.C. Cir. 2000) ("As amended by the Veterans Judicial Review Act . . . , the Veterans' Benefits Act of 1957 . . . precludes judicial review in Article III courts of VA decisions affecting

the provision of veterans' benefits") (per curiam), *cert. denied*, 534 U.S. 903 (2001); *see Jones v Nicholson*, No. 1:07-CV-165, 2011 WL 2160918 (M.D. Ga. June 1, 2011) (dismissing for lack of subject matter jurisdiction veteran's claim for benefits); *Peavey v. Holder*, 657 F. Supp. 2d 180 (D.D.C. 2009) (dismissing challenge to VA's decisions on claim for benefits notwithstanding veteran's "attempts to avoid application of § 511 by labeling his claims as constitutional claims").

The Court will dismiss the complaint for lack of subject matter. An Order is issued separately.

DATE:

12/12/12

United States District Judge