[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14454
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00149-SPC-DNF


RICHARD S. MILBAUER,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 30, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Richard Milbauer, pro se, appeals the dismissal of his complaint, brought against the United States for alleged negligence by the U.S. Department of Veterans Affairs ("VA").  We affirm in part, vacate in part, and remand.

## I. BACKGROUND

In September 2005, Milbauer sought treatment at a VA medical center in Brooklyn, New York ("the Brooklyn VA"), for injuries he had sustained to his right shoulder in two work-related accidents at a construction site.  Medical staff recommended he receive an MRI to diagnose his injuries.  Because of his claustrophobia, Milbauer requested an "open" MRI, a type of MRI that does not require the patient to be enclosed in a tube.  The Brooklyn VA, however, did not have an open MRI machine, and Milbauer requested authorization to receive an open MRI at a non-VA facility.  Milbauer finally obtained such authorization and received an open MRI at a non-VA facility in July 2006, ten months after Brooklyn VA medical staff had recommended the procedure.  The MRI revealed Milbauer had a severely torn rotator cuff, and he elected to have surgery.  Because the damage was too severe, the surgery was unsuccessful.

On September 27, 2008, Milbauer filed an administrative claim with the VA under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671-2680.  He asserted the Brooklyn VA had failed to provide an open MRI of his right shoulder in a timely manner.  Although his doctor had recommended an MRI, the

2

staff did not know how to arrange an MRI at a non-VA facility.  Moreover, the staff had placed upon him the burden of completing paperwork.  He argued the delay in receiving a timely MRI had caused further damage to his shoulder.  He also asserted his rotator cuff could have been repaired if the MRI had been performed within 30 days after his injuries had occurred.  The VA denied Milbauer's administrative claim on August 26, 2009.

On March 17, 2011, Milbauer filed a complaint in the Middle District of Florida and alleged negligence claims against the United States under the FTCA.[1]  In his complaint, he summarized the medical treatment he had received at the Brooklyn VA.  He then alleged he was entitled to have an open MRI performed at a non-VA facility at the VA's expense, and he described the numerous problems he had faced in attempting to obtain authorization for the outside MRI.  Milbauer alleged the Brooklyn VA medical staff had failed to return his telephone calls, had directed him to departments that had no knowledge of how to arrange an open MRI, and had failed to follow the procedures set forth in the VA's New York Harbor Healthcare System Policy No. 11-41 ("Policy No. 11-41").  According to Milbauer, Policy No. 11-41 established the procedures for medical staff to order or arrange medical tests and procedures performed at non-VA institutions.

---

[1] Although the relevant events occurred in Brooklyn, New York, Milbauer currently resides in Florida.  The district judge denied the government's motion to transfer venue to the Eastern District of New York.

3

Milbauer further alleged the Brooklyn VA medical staff should have offered alternative imaging studies to an MRI to determine the extent of his injury. He claimed the medical staff had deviated from appropriate standards of medical care and (1) had failed "to take reasonable steps to diagnose his rotator cuff injury within a reasonable time frame through an outside MRI," (2) had failed "to have the appropriate paperwork prepared to authorize the outside MRI for a period of ten months," and (3) had committed "other negligent acts or omissions in violation of the applicable standards of medical care." R1-1 at 7-8.

The government moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The government argued Milbauer's FTCA suit was barred by a provision in the Veterans Judicial Review Act ("VJRA"), 28 U.S.C. § 511(a), which specifies that district judges may not review claims involving a decision by the Secretary of the VA under a law that affects the provision of benefits to veterans. The government argued the crux of Milbauer's claim concerned his frustration with the delay in obtaining a veteran's benefit, namely, authorization to have the VA pay for an open MRI at a non-VA facility. The government further argued Milbauer had failed to exhaust administratively his claim that medical staff should have offered him alternative diagnostic imaging studies.

4

In response to the latter argument, Milbauer argued he administratively had exhausted his claim that the Brooklyn VA should have offered alternative diagnostic procedures. Relying on our precedent in *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999), he argued he was not required to provide the VA with every possible theory of recovery. Rather, he had to provide only enough information to allow the agency to begin its own investigation, and he contended the VA's investigation should have revealed his alternative-diagnostic-procedures claim.

The district judge granted the government's motion to dismiss. First, the judge concluded, because Milbauer had not exhausted his administrative remedies with respect to his alternative-diagnostic-procedures claim, she lacked jurisdiction over that claim. Notably, the judge did not make any factual findings as to whether the VA's investigation of Milbauer's claim should have revealed that theory of liability, pursuant to *Burchfield*.

As for Milbauer's allegations regarding the delay in receiving authorization for an open MRI, the judge concluded, although Milbauer's allegations were "couched in the language of tort law," he essentially had presented a claim relating to veterans' benefits. R2-64 at 10. The judge found Milbauer's grievance was with the VA's benefits procedure, not the medical treatment he received. Because Milbauer had presented a claim for delay of veterans' benefits, the judge found the

5

VJRA precluded judicial review of that claim.  The judge dismissed the case without prejudice for lack of subject matter jurisdiction.  Milbauer appealed.

## II.    DISCUSSION

We review de novo the dismissal of a complaint for lack of subject matter jurisdiction.  *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843 (11th Cir. 2013).

A. Subject Matter Jurisdiction under the VJRA

On appeal, Milbauer, pro se, argues the district judge erred by finding the delay in his diagnosis was a benefits issue barred by the VJRA.  He contends his benefits were not in question; rather, his claim involved the delay of a medical diagnosis due to medical professionals' deviation from the standard of care.

The VJRA provides the decision of the Secretary as to any "questions of law and fact necessary to a decision by the Secretary under a law that affects the *provision of benefits* . . . shall be final and conclusive and *may not be reviewed by any other official or by any court*, whether by an action in the nature of mandamus or otherwise."  38 U.S.C. § 511(a) (emphasis added).  The term "benefit" means "any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors."  38 C.F.R. § 20.3(e).

6

The VJRA does not completely eliminate judicial review of benefits decisions.  Rather, determinations of the Secretary may be appealed to the Board of Veterans' Appeals ("Board"), whose ruling becomes the final decision of the Secretary.  38 U.S.C. § 7104(a).  Decisions of the Board may then be reviewed exclusively by the U.S. Court of Appeals for Veterans Claims, an Article I court established by the VJRA.  *Id.* §§ 7251, 7252(a), 7266(a).  Decisions of the Court of Appeals for Veterans Claims are in turn appealable only to the U.S. Court of Appeals for the Federal Circuit.  *Id.* § 7292(a), (c).  The judgment of the Federal Circuit is then subject to review by the Supreme Court by writ of certiorari.  *Id.* § 7292(c).

Accordingly, pursuant to the VJRA, "judicial review of a *particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits* may be had only by appealing to the Board, then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court." *Hall v. U.S. Dep't of Veterans Affairs*, 85 F.3d 532, 534 (11th Cir. 1996) (per curiam) (emphasis added).

We have analyzed the VJRA's jurisdictional scheme in a published opinion on only one occasion.  In *Hall*, a veteran filed a complaint in district court after receiving notification that his disability benefits had been reduced in accordance with 38 C.F.R. § 3.665, which required disability compensation be diminished

7

during periods of incarceration for certain felony convictions. *Id.* at 532-33. The

veteran alleged the reduction in his disability benefits constituted a tort and

violated numerous constitutional provisions. *Id.* at 533. He specifically requested

the district judge to find that 38 C.F.R. § 3.665 violated the Constitution. *Id.* The

judge dismissed the complaint sua sponte for lack of subject matter jurisdiction

under the VJRA. *Id.* On appeal, we held the district judge lacked jurisdiction to

determine the constitutionality of § 3.665, because the VJRA precluded judicial

review of the Secretary's decisions involving the interpretation or application of a

regulation governing veterans' benefits. *Id.* at 534-35. Essentially, we held a

plaintiff may not circumvent the VJRA's jurisdictional limitations by cloaking a

benefits claim in constitutional terms. *See id.*

We have not considered whether a claim alleging medical malpractice

actually concerns a benefits issue precluded by the VJRA. The D.C. Circuit,

however, has established a relevant test to determine this issue. In *Thomas v.*

*Principi*, a veteran filed suit in the district court and alleged the VA had committed

medical malpractice under the FTCA and had caused him intentional emotional

distress by failing to inform him of his "working diagnosis of schizophrenia." 394

F.3d 970, 972 (D.C. Cir. 2005). The D.C. Circuit held the VJRA did not preclude

judicial review of those FTCA claims, because the district judge could adjudicate

those claims "without determining first whether Thomas was entitled to a certain

level of benefits." *Id.* at 974 (citation, internal quotation marks, and alteration omitted). The D.C. Circuit also explained, "[b]ecause none of these claims alleges that the VA failed to pay for treatment (or even to provide for treatment), they raise no 'questions of law or fact necessary to a decision by the Secretary under a law that affects the provision of benefits.'" *Id.* (citing 38 U.S.C. § 511) (alteration omitted).

The D.C. Circuit further acknowledged, however, that some of the plaintiff's claims were barred by the VJRA. *Id.* at 975. The VJRA barred judicial review of his claims that the VA had "failed to render the appropriate medical care services" and that the VA's "continuous and persistent deprivation and denial of known needed and necessary medical care treatment . . . caused Plaintiff severe emotional distress." *Id.* (alteration in original). The court concluded the district judge lacked jurisdiction over those claims, because adjudicating those claims would have required the judge to decide whether the plaintiff was entitled to medical treatment in the face of a prior VA determination that he was not entitled to such benefit. *Id.*; *see also Broudy v. Mather*, 460 F.3d 106, 115 (D.C. Cir. 2006) (explaining the *Thomas* decision).

In deciding *Thomas*, the D.C. Circuit relied on its earlier decision in *Price v. United States*, 228 F.3d 420, 422 (D.C. Cir. 2000) (per curiam). *Thomas*, 394 F.3d at 974. In *Price*, the D.C. Circuit held the VJRA barred the district judge from

9

considering a veteran's claim for reimbursement of medical expenses, because in order for the judge to resolve whether the VA had failed to reimburse the veteran, it "would require the district court to determine first whether the VA acted properly in handling [the veteran's] request for reimbursement." *Price*, 228 F.3d at 422.

In reviewing this issue, we must determine whether Milbauer's claim regarding the delay in his diagnosis alleged medical malpractice or raised a veterans' benefits issue. Milbauer alleged the VA failed "to take reasonable steps to diagnose his rotator cuff injury within a reasonable time frame through an outside MRI" and failed "to have the appropriate paperwork prepared to authorize the outside MRI for a period of ten months." R1-1 at 7-8. This is a benefits issue, because Milbauer sought a particular benefit—to have the VA pay for an open MRI performed at a non-VA facility—and he complained the process of obtaining that benefit caused the delay in his diagnosis. *See* 38 C.F.R. § 20.3(e) (defining the term "benefit"). Although the VA did not actually deny Milbauer's request for an outside MRI, we agree with the Eighth Circuit's conclusion that "there is no meaningful legal difference between a *delay* of benefits and an outright *denial* of benefits" for purposes of the VJRA. *Mehrkens v. Blank*, 556 F.3d 865, 870 (8th Cir. 2009) (emphasis in original). Accordingly, the VJRA barred judicial review, and the district judge correctly dismissed that claim for lack of subject matter jurisdiction. 38 U.S.C. § 511(a).

Applying *Thomas* and *Price* to the facts of this case, we reach the same conclusion.  The district judge could not adjudicate Milbauer's claim "without determining first whether [Milbauer] was entitled to a certain level of benefits," namely, whether he was entitled to an outside MRI, paid for by the VA.  *Thomas*, 394 F.3d at 974 (citation, internal quotation marks, and alteration omitted).  Furthermore, in order to adjudicate this claim, the judge would have to determine whether the Brooklyn VA properly handled and processed Milbauer's request to have the VA pay for an open MRI at a non-VA facility.  *See Price*, 228 F.3d at 422.  Specifically, the judge would be required to determine whether the Brooklyn VA followed Policy No. 11-41 in processing Milbauer's request.  Thus, Milbauer raised a benefits issue, not a medical-malpractice claim.  Accordingly, we affirm the dismissal of this claim for lack of subject matter jurisdiction under the VJRA.

B. Exhaustion of Administrative Remedies

Milbauer also argues on appeal the district judge erred by dismissing his claim regarding alternative diagnostic imaging, based on a failure to exhaust administrative remedies.  Relying on our decision in *Burchfield*, he contends he provided ample information during the administrative stage to permit the VA's investigating attorneys to inquire why the VA had not ordered alternative tests.

A district judge has jurisdiction over an FTCA claim only if the plaintiff has (1) given the appropriate agency written notice of his claim, sufficient to enable the

11

agency to investigate the claim; and (2) placed a value on his claim. *Burchfield*, 168 F.3d at 1254-55. "[A] claimant must give an administrative agency only enough information to allow the agency to begin its own investigation of the alleged events and explore the possibility of settlement." *Id.* at 1255 (citation and internal quotation marks omitted). We do not require a claimant to provide an agency with a preview of his lawsuit "by reciting every possible theory of recovery or every factual detail that might be relevant." *Id.* (citations omitted). Rather, the amount of information required is "minimal." *Id.* (citation and internal quotation marks omitted). Furthermore, an administrative agency is deemed to be on notice not only of the theories of recovery stated in the claim, but of the theories of recovery that its reasonable investigation of the specific allegations in the claim should reveal. *Id.* Nevertheless, an agency need not "undertake an independent search for injuries or theories of liability that are not closely related to the matters described in the claim." *Id.* at 1256.

Milbauer argued in the district court, and reasserts on appeal, that he presented enough information in his administrative complaint to place the VA on notice of his claim regarding the failure to provide alternative diagnostic tools. The district judge did not conduct any analysis, however, as to whether Milbauer had provided sufficient information under *Burchfield* to overcome the FTCA's bar to unexhausted claims. Without additional findings from the district judge, we are

unable to engage in meaningful appellate review of this issue. *Danley v. Allen*, 480 F.3d 1090, 1091 (11th Cir. 2007) (per curiam) (stating district judges' orders "should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review"). Moreover, although the government argues this claim is nevertheless barred by the VJRA, the district judge did not make any factual findings as to that ultimate determination. Accordingly, we remand for the district judge to analyze, in light of *Burchfield*, whether Milbauer exhausted his alternative-diagnostic-procedures claim, and if so, whether the VJRA precludes review of that claim.

**AFFIRMED IN PART, VACTED IN PART, AND REMANDED.**