[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11053
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00149-SPC-DNF

RICHARD S. MILBAUER,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 29, 2016)

Before TJOFLAT, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Richard S. Milbauer appeals pro se for the second time dismissal of his

complaint alleging medical malpractice against the United States, because of the

diagnosis and treatment of an injury to his right shoulder by the Department of Veterans Affairs ("VA").  We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In September 2005, Milbauer sought treatment at the VA medical center in Brooklyn, New York ("Brooklyn VA"), after injuring his right shoulder in a work-related accident at a construction site.  Doctors recommended Milbauer receive an MRI to diagnose his injury.  Milbauer explained he was claustrophobic and needed an open MRI, which would not require him to be enclosed in a tube.  The Brooklyn VA did not have an open MRI machine, so Milbauer requested authorization to receive an open MRI at an outside facility.  Ten months later, in July 2006, Milbauer received an open MRI, which revealed he had a severely torn rotator cuff.  Milbauer underwent surgery to repair the tear, but the surgery was unsuccessful, because the damage was too severe.  At no point during his treatment did any of the medical staff at the Brooklyn VA recommend or perform alternative diagnostic procedures for Milbauer's shoulder injury.

Milbauer filed an administrative claim with the VA under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, in which he alleged the Brooklyn VA had failed to provide an open MRI of his right shoulder in a timely manner.  He contended the ten-month delay in receiving a MRI caused him constant pain and limited use of his right arm; his shoulder could have been

2

repaired, if he had received the MRI within 30 days of his injury.  The VA denied Milbauer's claim.

Thereafter, Milbauer filed a complaint in federal district court and alleged medical malpractice claims against the United States under the FTCA.  In his complaint, Milbauer recounted the treatment he received at the Brooklyn VA, the difficulties he had experienced in obtaining authorization for the open MRI, and the failure of the Brooklyn VA medical staff to offer him any alternative diagnostic procedures for his injury.  He alleged the Brooklyn VA medical staff deviated from appropriate standards of care by (1) failing to take reasonable steps to diagnose his rotator-cuff injury in a timely manner with an outside MRI, (2) waiting for ten months to prepare the necessary paperwork to authorize the outside MRI, and (3) committing other negligent acts or omissions.

The government moved to dismiss Milbauer's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  The government contended Milbauer's FTCA claims were barred by the Veterans Judicial Review Act ("VJRA"), 38 U.S.C. § 511(a)VJRA, which deprives the federal district courts of subject matter jurisdiction over claims regarding benefits to veterans by the  VA.  Although Milbauer framed his claim as medical malpractice, the government argued it was in substance a claim concerning the delay in his receipt of a veteran's benefit, or authorization to have the VA pay for

3

an open MRI at an outside facility.  The government further contended Milbauer had failed to exhaust administratively his claim, and the Brooklyn VA medical staff should have offered him alternative-diagnostic procedures.

Milbauer responded his claims were not barred by the VJRA, because he sought damages caused by negligence of the Brooklyn VA, not denial of benefits. Milbauer argued he had exhausted his alternative-diagnostic-procedures claim, because, under *Burchfield v. United States*, 168 F.3d 1252 (11th Cir. 1999), he was not required to provide the VA with every possible theory of recovery.  Instead, he merely had to provide enough information for the VA to begin its own investigation, and the VA investigation should have revealed his alternative-diagnostic-procedures claim.  Milbauer also asserted the VA should have followed its own policy, VA New York Harbor Healthcare System Policy No. 11-41, requiring doctors to exhaust alternative imaging tests of equal effectiveness before ordering an outside MRI.

The district judge granted the government's motion to dismiss and dismissed Milbauer's complaint without prejudice for lack of subject matter jurisdiction.  The judge first concluded Milbauer had failed to exhaust his administrative remedies regarding his alternative-diagnostic-procedures claim, because his administrative complaint did not mention that claim.  Second, the judge concluded she lacked jurisdiction under the VJRA to review Milbauer's delayed MRI claim, since the

crux of his claim was that he did not receive timely an outside MRI, which was a grievance with the VA procedure for providing that benefit, not with the medical treatment he had received.

Milbauer appealed; we affirmed in part, vacated in part, and remanded. *Milbauer v. United States*, 587 F. App'x 587, 588 (11th Cir. 2014) ("*Milbauer I*"). We concluded Milbauer's delayed MRI claim was a benefits issue "because Milbauer sought a particular benefit—to have the VA pay for an open MRI performed at a non-VA facility—and he complained the process of obtaining that benefit caused the delay in his diagnosis." *Id.* at 591. The district judge also could not have adjudicated Milbauer's claim without first determining whether he was entitled to have an outside MRI and whether the Brooklyn VA properly followed its policy in processing his request. *Id.* at 591-92. Therefore, the VJRA barred review of Milbauer's delayed MRI claim. *Id.* at 592.

We vacated regarding Milbauer's alternative-diagnostic-procedures claim, because the district judge did not analyze whether Milbauer's administrative complaint "provided sufficient information under *Burchfield* to overcome the FTCA's bar to unexhausted claims." *Id.* at 592. We remanded "for the district judge to analyze, in light of *Burchfield*, whether Milbauer exhausted his alternative-diagnostic-procedures claim, and if so, whether the VJRA precludes review of that claim." *Id.*

5

On remand, the district judge concluded Milbauer had exhausted his alternative-diagnostic-procedures claim under *Burchfield*, because he had provided sufficient information in his administrative claim for the VA investigators to at least inquire whether his physicians had considered any alternative-diagnostic tests. Because his alternative-diagnostic-procedures claim was closely related to his delayed MRI claim, that issue would have surfaced during the VA investigation. Although Milbauer's claim survived the exhaustion requirement, the judge determined she lacked subject matter jurisdiction over the alternative-diagnostic-procedures claim for the same reasons she lacked jurisdiction over his delayed MRI claim. In essence, Milbauer claimed he should have received alternative diagnostic procedures, which was a benefits claim. Like his delayed MRI claim, Milbauer had sought a particular benefit and complained the process of obtaining that benefit caused the delay in his diagnosis. Consequently, his grievance was not with the treatment he received, but with the VA benefits procedure. Finally, the judge noted Milbauer's reliance on the VA internal policy was unavailing, since the judge would have to interpret the policy language to analyze the merits of his argument, which the VJRA prohibits. The judge again granted the government's motion to dismiss.

In this second appeal, Milbauer argues the district judge erred in concluding the VJRA precluded judicial review of his alternative-diagnostic-procedures claim.

6

He contends his claim is the VA failed to inform him of the availability of alternative-diagnostic procedures, which constituted medical malpractice. He argues review of his claim would not require the district judge to determine whether he was entitled to any benefits; instead, it would require the judge determine only whether the VA had a duty to inform him of the availability of alternative procedures.

## II.  DISCUSSION

We review de novo the dismissal of a complaint for lack of subject matter jurisdiction. *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843 (11th Cir. 2013). The VJRA provides the decision of the Secretary concerning any "questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits . . . shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a). "Benefit" means "any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e).

The VJRA does not completely eliminate judicial review of benefits decisions, instead determinations of the Secretary may be appealed to the Board of Veterans' Appeals ("Board"), whose decision becomes the final decision of the

7

Secretary.  38 U.S.C. § 7104(a).  Decisions of the Board then may be reviewed exclusively by the Court of Appeals for Veterans Claims, an Article I court established by the VJRA.  *Id.* §§ 7251, 7252(a), 7266(a).  Decisions of the Court of Appeals for Veterans Claims are in turn appealable to the Court of Appeals for the Federal Circuit.  *Id.* § 7292(a), (c).  A decision by the Federal Circuit is subject to certiorari review by the Supreme Court.  *Id.* § 7292(c).  Pursuant to the VJRA, "judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board, then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court."  *Hall v. U.S. Dep't of Veterans Affairs*, 85 F.3d 532, 534 (11th Cir. 1996).

In *Hall*, a veteran filed a complaint in district court after receiving notification his disability benefits had been reduced in accordance with 38 C.F.R. § 3.665, which requires disability compensation be diminished during periods of incarceration for certain felony convictions.  *Id.* at 532-33.  The veteran alleged the reduction in his disability benefits constituted a tort and violated numerous constitutional provisions; he specifically requested the district judge find 38 C.F.R. § 3.665 violated the Constitution.  *Id.* at 533.  The judge dismissed the complaint sua sponte for lack of subject matter jurisdiction under the VJRA.  *Id.*  On appeal, we held the district judge lacked jurisdiction to determine the constitutionality of

8

§ 3.665, because the VJRA precluded judicial review of the Secretary's decisions involving the interpretation or application of a regulation governing veterans' benefits. *Id.* at 534-35. We held a plaintiff may not circumvent the VJRA's jurisdictional limitations by alleging a benefits claim in constitutional terms. *See id.*

In *Milbauer I*, we applied a test established by the D.C. Circuit. *See Milbauer I*, 587 F. App'x at 590-92. In *Thomas v. Principi*, 394 F.3d 970 (D.C. Cir. 2005), a veteran filed suit in district court and alleged the VA had committed medical malpractice under the FTCA and caused him intentional emotional distress by failing to inform him of his "working diagnosis of schizophrenia." *Id.* at 972. The D.C. Circuit held the VJRA did not preclude review of those claims, because the district judge could adjudicate them "without determining first whether Thomas was entitled to a certain level of benefits." *Id.* at 974 (internal quotation marks and alteration omitted). The D.C. Circuit further explained: "Because none of these claims alleges that the VA failed to pay for treatment (or even to provide for treatment), they raise no 'questions of law or fact necessary to a decision by the Secretary under a law that affects the provision of benefits.'" *Id.* (quoting 38 U.S.C. § 511) (alteration omitted).

The D.C. Circuit noted, however, the VJRA did bar Thomas's claims that the VA had failed to render appropriate medical services, and the VA's persistent

9

denial of necessary medical treatment caused him severe emotional distress. *Id.* at 975. Adjudication of those claims would have required "the district court to determine first whether the VA acted properly in handling Thomas's benefits request." *Id.* at 974 (citation and internal quotation marks omitted). Therefore, the D.C. Circuit concluded the district judge lacked jurisdiction over those claims. *Id.* at 975.

In this appeal, Milbauer asserts the doctors at the Brooklyn VA failed to inform him of the availability of alternative-diagnostic procedures and contends this claim is analogous to the claim in *Thomas*, where the VA failed to inform Thomas of his working diagnosis of schizophrenia. Although Milbauer attempts to recast his claim on appeal as relating solely to the failure of the VA to inform him alternative procedures were available, his claim relates to the VA's failure to perform such procedures. In district court, Milbauer argued doctors at the Brooklyn VA could and should have performed alternative procedures to diagnose his shoulder injury, when it became clear he was experiencing difficulty obtaining an outside MRI. He further continues to assert on appeal, if alternative-diagnostic procedures had been employed, his injury would have been diagnosed sooner, which would have resulted in a better outcome.

Like his delayed MRI claim in *Milbauer I*, the VJRA bars judicial review of Milbauer's alternative-diagnostic-procedures claim, because it is a benefits issue.

Milbauer contends the VA was obligated to provide him with a particular benefit, an alternative procedure to diagnose his shoulder injury, and failure of the VA to provide that benefit caused the delay in his diagnosis. *See* 38 C.F.R. § 20.3(e); *Milbauer I*, 587 F. App'x at 591. To resolve his claim, the judge first would have to determine whether Milbauer was entitled to a certain level of benefits, the performance of diagnostic procedures for his shoulder injury. *See Thomas* 394 F.3d at 974. Under the Brooklyn VA internal policy, doctors are required to consider and perform alternative procedures of equal effectiveness before authorizing procedures at an outside facility. Consequently, resolution of Milbauer's claim would require the district judge to determine whether the Brooklyn VA properly followed its own policy in authorizing Milbauer's outside MRI. *See Thomas*, 394 F.3d at 975. We conclude the district judge correctly determined she lacked subject matter jurisdiction over Milbauer's alternative-diagnostic-procedures claim.

     **AFFIRMED.**