# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued March 10, 2016              Decided July 29, 2016

No. 15-5109

BLUE WATER NAVY VIETNAM VETERANS ASSOCIATION, INC.
AND MILITARY-VETERANS ADVOCACY, INC.,
APPELLANTS

v.

ROBERT A. MCDONALD, IN HIS OFFICIAL CAPACITY AS
SECRETARY OF VETERANS AFFAIRS,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cv-01187)

*John B. Wells* argued the cause and filed the briefs for appellants.

*William E. Havemann*, Attorney, U.S. Department of Justice, argued the cause for appellee. With him on the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, and *Charles W. Scarborough*, Attorney.

Before: HENDERSON, GRIFFITH, and PILLARD, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

2

GRIFFITH, *Circuit Judge*: Blue Water Navy Vietnam Veterans Association and Military-Veterans Advocacy appeal the district court's dismissal of their complaint for lack of subject matter jurisdiction. Because Congress stripped the district court of jurisdiction over their claims, we affirm.

I

In the 1960s and early 1970s, the United States used an herbicide known as Agent Orange to clear heavily forested areas in Vietnam. *See* S. REP. NO. 100-439, at 64 (1988). Concerns about the long-term health effects of exposure to Agent Orange led Congress to pass the Agent Orange Act of 1991, Pub. L. No. 102-4, 105 Stat. 11 (codified in scattered sections of Title 38 of the U.S. Code). The Act instructs the Department of Veterans Affairs (VA) to presume that veterans who "served in the Republic of Vietnam" between January 9, 1962, and May 7, 1975, were exposed to Agent Orange. 38 U.S.C. § 1116(a)(1). The VA's regulations track this statutory language. *See* 38 C.F.R. § 3.307(a)(6)(iii) (providing that veterans who "served in the Republic of Vietnam" during the same window are "presumed to have been exposed" to Agent Orange and similar herbicides). If these veterans develop certain diseases linked to Agent Orange, this presumption allows them to receive disability compensation without proving they were exposed to the herbicide during their military service. *See id.*; *Haas v. Peake*, 525 F.3d 1168, 1172 (Fed. Cir. 2008).

The VA interprets the phrase "served in the Republic of Vietnam" to exclude veterans who served on ships offshore without entering inland waterways or setting foot on Vietnamese soil. VA Op. Gen. Counsel Prec. 27-97, at 3-5 (1997); *see* Disease Associated with Exposure to Certain Herbicide Agents: Type 2 Diabetes, 66 Fed. Reg. 23,166,

23,166 (May 8, 2001). Instead, to be considered eligible for certain benefits, these "blue-water" veterans must prove on a case-by-case basis that they were exposed to Agent Orange during their military service—an extremely difficult task, *see LeFevre v. Sec'y, Dep't of Veterans Affairs*, 66 F.3d 1191, 1197 (Fed. Cir. 1995) ("Congress [established presumptions of exposure] because it recognized that ordinarily it would be impossible for an individual veteran to establish that his disease resulted from exposure to herbicides in Vietnam."). The VA articulated its policy denying the presumption of exposure to blue-water veterans in a 1997 opinion by its General Counsel, *see* VA Op. Gen. Counsel Prec. 27-97, which was precedential and therefore binding upon the agency, *see* 38 C.F.R. § 14.507(b). And it reiterated its stance in, among other documents, an agency policy manual. The agency then declined to reconsider the policy in a 2012 notice published in the Federal Register, *see* Presumption of Exposure to Herbicides for Blue Water Navy Vietnam Veterans Not Supported, 77 Fed. Reg. 76,170 (Dec. 26, 2012), and again in a 2013 letter to Military-Veterans Advocacy ("2013 Denial Letter"). The VA treated its 2013 Denial Letter as a denial of a request for rulemaking under 5 U.S.C. § 553(e).

Blue Water Navy Vietnam Veterans Association and Military-Veterans Advocacy ("Appellants") challenged the agency's policy in district court. They argued that the VA's policy was arbitrary and capricious and otherwise unlawful under the Administrative Procedure Act, *see* 5 U.S.C. § 706(2). They asked the district court to issue a declaratory judgment that the policy violated the APA and to order injunctive and mandamus relief to prevent the VA from denying the presumption of Agent Orange exposure to blue-water veterans. The district court dismissed the suit for lack of subject matter jurisdiction, citing 38 U.S.C. § 511(a), which

bars review in district court of VA decisions "under a law that affects the provision of" veterans benefits.

This appeal followed. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's dismissal de novo. *See Munsell v. Dep't of Agric.*, 509 F.3d 572, 578 (D.C. Cir. 2007). We affirm.

II

We start from the presumption that agency action is reviewable. *See Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 672-73 (1986). But this presumption can be overcome by "specific language" that is "a reliable indicator of congressional intent" that courts lack the power to hear a challenge to agency action. *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 349 (1984). We permit such a challenge to proceed "where substantial doubt about the congressional intent exists." *El Paso Nat. Gas Co. v. United States*, 632 F.3d 1272, 1276 (D.C. Cir. 2011) (quoting *Bowen*, 476 U.S. at 672 n.3). Here, we have no doubt about Congress's intent.

A

Section 511(a) clearly bars the district court from adjudicating Appellants' challenge. In full, that provision reads:

The [VA] Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to [enumerated exceptions], the decision of the Secretary as to any such question shall be final and conclusive and *may not be reviewed by any other official*

*or by any court*, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (emphasis added). One enumerated exception to this bar allows litigants to appeal individual benefits determinations through the VA's administrative machinery and ultimately to the Federal Circuit. *See id.* § 511(b)(4); *see also id*. §§ 7104, 7252, 7261, 7292. Another exception permits direct review of notice-and-comment rulemakings and certain other VA actions of "general" applicability exclusively in the Federal Circuit. *See id.* § 511(b)(1); *see also id.* § 502 (cross-referencing 5 U.S.C. §§ 552(a)(1), 553). Notably, both of these routes bypass district courts.

We have interpreted section 511(a) to "preclude[] judicial review in [district] courts of VA decisions affecting the provision of veterans' benefits." *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam). Or to put it another way, review in the district courts is barred when "underlying the claim is an allegation that the VA unjustifiably denied [] a veterans' benefit." *Id.*; *see also Broudy v. Mather*, 460 F.3d 106, 115 (D.C. Cir. 2006) (explaining that section 511(a) forbids district court "review [of] the Secretary's actual decision[] that veterans were not entitled to the benefits they sought" (internal quotation marks omitted)); *Thomas v. Principi*, 394 F.3d 970, 974-75 (D.C. Cir. 2005) (recognizing that section 511(a) precludes district court review when a "denial of benefits underlies" the plaintiff's allegations (internal quotation marks and brackets omitted)).

Appellants have not established that the district court has jurisdiction to adjudicate their claims. *See Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008) ("[T]he party

claiming subject matter jurisdiction . . . has the burden to demonstrate that it exists."). They undoubtedly challenge a decision "affecting the provision of veterans' benefits," *Price*, 228 F.3d at 421, because they seek review of the validity of a VA policy that leads directly to the denial of certain benefits for most, if not all, of the veterans it affects, *see LeFevre*, 66 F.3d at 1197 (recognizing that it is nearly "impossible" for veterans to prove exposure on a case-by-case basis).

Indeed, Appellants do not dispute that a "denial of benefits underlies" their allegations. *Thomas*, 394 F.3d at 974-75 (internal quotation marks and brackets omitted). Nor do they contest that their challenge would require the district court to adjudicate questions decided by the Secretary that are "necessary" to the Secretary's decision to deny the Agent Orange presumption. 38 U.S.C. § 511(a). Instead, Appellants argue that despite its broad language, section 511(a) bars the district court from hearing only challenges to *individual* benefits determinations—not challenges alleging that the VA improperly interpreted its statutory and regulatory obligations.

But section 511(a) is not so narrow. Not only does the text of section 511 make no mention of such a limitation, but its structure belies Appellants' assertion. As the district court observed, one of the exceptions to section 511(a)'s bar permits review exclusively in the Federal Circuit of certain VA actions of general applicability, *see* 38 U.S.C. § 511(b)(1), including "substantive rules of general applicability," *LeFevre*, 66 F.3d at 1196 (explaining that the Federal Circuit "may directly review" such actions under 38 U.S.C. § 502). Congress would have had no need to exempt agency actions of "general" applicability from the bar to judicial review set out in section 511(a) if it understood that bar to encompass only VA decisions regarding *individual* benefits determinations.

Appellants point to different statutory provisions to support their argument. In 38 U.S.C. §§ 7104 and 7105, Congress provided that an "appellant"—defined by regulation as a "claimant," *see* 38 C.F.R. § 20.3(c)—may appeal to the Board of Veterans' Appeals "questions in a matter which under section 511(a) of this title is subject to decision by the Secretary." Appellants note that "claimant" refers to an individual veteran who submits benefits claims. We take Appellants to argue that Congress instructed in these sections that the *only* "matter[s] . . . subject to decision by the Secretary" under section 511(a) are those involving individual claimants. But we will not read the word "only" into the statute "when Congress has left it out." *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993). These provisions merely envision that *some* "matter[s] . . . subject to decision by the Secretary" under section 511(a) will involve individual claimants. And this reading is consistent with language in section 511(a) that contemplates appeal of individual benefits determinations. *See* 38 U.S.C. § 511(a) ("*Subject to [the exceptions in] subsection (b)*, the decision of the Secretary . . . shall be final[.]*" (emphasis added)), (b)(4) (excepting appeals of individual determinations).

Appellants also point to a number of cases that, in their view, show that section 511(a) bars review in the district court only of individual benefits determinations. For example, they rely on *Broudy v. Mather*, where we explained that section 511(a) "does not give the VA *exclusive* jurisdiction to construe laws affecting the provision of veterans benefits or to consider all issues that might somehow touch upon whether someone receives veterans benefits. Rather, it simply gives the VA authority to consider such questions when making a decision about benefits . . . and . . . prevents district courts from 'review[ing]' the Secretary's decision once made." 460 F.3d at 112. According to Appellants, this language means

that district courts are barred from reviewing *only* individual benefits determinations. We disagree. To the extent our opinion in *Broudy* might be read to suggest that section 511(a) bars review only of individual determinations, we take this occasion to clarify that opinion's scope. *Broudy* presented us with no opportunity to consider whether section 511(a) applies to VA policies of general applicability, such as regulations or interpretations. Instead, we examined whether the Secretary had *actually decided* certain questions when denying the plaintiffs' claims in individual determinations. *Id.* at 110, 114. In other words, *Broudy* focused on the requirement of a "decision of the Secretary," and not on what *kinds* of secretarial decisions fall within section 511(a)'s bar. It thus presents no obstacle to affirming the district court's dismissal here.

Appellants further contend that if we affirm the district court's dismissal, we will "do precisely what the *Broudy* court seemed to warn against: give the VA exclusive jurisdiction to construe laws affecting the provision of veterans benefits." Appellants' Br. 18. This concern is misplaced. We recognized in *Broudy* that section 511(a) does not confer such exclusive jurisdiction upon the VA; rather, it merely bars review in the district court of decisions that the Secretary has actually made. 460 F.3d at 112. Nothing in this opinion changes that conclusion.

Appellants next urge that *Thomas v. Principi*, 394 F.3d 970 (D.C. Cir. 2005), *Anestis v. United States*, 749 F.3d 520 (6th Cir. 2014), and *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012) (en banc), show that actions "that d[o] not require the individual determination of benefit[s]" can be brought in district court. Appellants' Br. 16. To be sure, these cases explained that section 511(a) precludes judicial review of individual benefits

determinations in district court. But they neither held nor suggested that section 511(a) bars review *only* of individual determinations. Rather, they referred to individual benefits determinations simply because in each case, the VA argued that the petitioner was challenging such a determination and that judicial review was therefore barred.

In *Thomas*, for instance, we agreed with the VA that section 511(a) precluded challenges to the adequacy of medical services provided to the plaintiff. 394 F.3d at 975. These claims required the district court to "decide whether Thomas was entitled to medical treatment in the face of a prior VA determination that he was not." *Broudy*, 460 F.3d at 115 (discussing *Thomas*). But we reached a different conclusion as to Thomas's claims that the VA had wrongfully failed to inform him of his diagnosis. The "questions of law and fact" relevant to those claims dealt with "whether the alleged withholding of the diagnosis state[d] a tort claim, and resolution of those questions [wa]s not 'necessary' to the benefits determination." *Thomas*, 394 F.3d at 974. In other words, because "no denial of benefits 'underl[ay]' Thomas's failure-to-inform allegations," section 511(a) did not prevent him from advancing those claims. *Id.* at 974-75. Thus, the decisive factor in *Thomas* was not whether the district court would have to review an *individual* benefits determination, but whether it would have to review a benefits determination at all. *Accord Anestis*, 749 F.3d at 527 (holding that the tort claims at issue were "wholly independent[]" of any benefits determination).

Similarly, in *Veterans for Common Sense*, the Ninth Circuit did not interpret section 511(a) as barring review *only* of individual benefits determinations. There, the court concluded that a challenge by a veterans' group to system-wide delays in benefits processing was barred under section

511(a) because it would require the district court to review thousands of individual benefits determinations. *Veterans for Common Sense*, 678 F.3d at 1027, 1030. But in reaching this conclusion, the Ninth Circuit emphasized the breadth of section 511(a)'s preclusion, concluding that it "extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, *but also to those decisions that may affect such cases*." *Id.* at 1025 (emphasis added) (citing *Thomas*, 394 F.3d at 974; *Broudy*, 460 F.3d at 114-15). Far from strengthening the argument that section 511(a) applies only to individual claims, this language suggests just the opposite: that under section 511(a), the district court cannot review a VA policy, like the one at issue here, that "affects" veterans' requests for benefits.

B

Appellants raise three additional counterarguments, but none succeeds.

First, they contend that even if the district court lacked jurisdiction to order the VA to rescind its policy, it had jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, to declare the policy arbitrary and capricious. But the language of both section 511(a) and the Declaratory Judgment Act forecloses this argument. Section 511(a) bars judicial review "by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a). Appellants fail to explain why this broad language does not encompass a declaratory judgment. And the Declaratory Judgment Act permits a district court to issue declaratory judgments only "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201; *see also* 14 CHARLES ALAN WRIGHT et al., FEDERAL PRACTICE AND PROCEDURE § 3655 (4th ed. 2016) ("Resort to

the Declaratory Judgment Act will not fill a gap in subject matter jurisdiction[.]"). Because Appellants' challenge is not within the district court's jurisdiction, the district court lacked power to issue a declaratory judgment just as surely as it lacked power to order the VA to act.

Second, Appellants argue that the district court's decision leaves veterans without a remedy, in violation of the command of *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803), that individuals have a "right . . . to claim the protection of the laws" when they "receive[] an injury." *Id.* at (1 Cranch) 163. According to Appellants, the Administrative Procedure Act provides a "default safety net" in such cases. Reply Br. 17.[1] But it is not true that Appellants, or the veterans they represent, lack a remedy. To the contrary, section 511 leaves open several routes for veterans or organizations to challenge the VA's denial of the Agent Orange presumption.

For one, an exception to section 511(a)'s bar permits litigants to petition for direct review in the Federal Circuit— and only the Federal Circuit—of VA regulations and certain

---

[1] The government appears to believe Appellants are arguing that they are entitled to judicial review under 5 U.S.C. § 704, a provision of the Administrative Procedure Act that explains that "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." *See* Appellee's Br. 22-23. We do not understand Appellants to advance an argument under this provision. Even if they made such a claim, however, we need not decide whether they have an "adequate remedy in a court," because 5 U.S.C. § 704 does not apply if "statutes preclude judicial review," 5 U.S.C. § 701(a)(1). The provision is therefore inapplicable here, because section 511(a) precludes judicial review of Appellants' challenge.

other generally applicable actions pursuant to 38 U.S.C. § 502. *See* 38 U.S.C. § 511(b)(1). Appellants say that this direct-review exception extends only to VA regulations and not to "interpretations" like the agency actions they challenge. But Federal Circuit case law makes clear that an agency policy need not be promulgated as a regulation, via notice and comment, to be reviewable under section 502. To the contrary, the Federal Circuit has explained that section 502 permits it to directly review a wide range of "rules promulgated by the Department of Veteran[s] Affairs, including substantive rules of general applicability, statements of general policy and interpretations of general applicability." *LeFevre*, 66 F.3d at 1196; *see also Military Order of the Purple Heart of the USA v. Sec'y of Veterans Affairs*, 580 F.3d 1293, 1296 (Fed. Cir. 2009) (holding that the VA's procedural change, adopted in a letter and not via notice-and-comment rulemaking, was a "rule" subject to review under section 502).

Indeed, the Federal Circuit has reviewed as a substantive rule a VA "notice" similar to the 2012 notice that Appellants challenge. *See LeFevre*, 66 F.3d at 1196 (citing Disease Not Associated with Exposure to Certain Herbicide Agents, 59 Fed. Reg. 341 (Jan. 4, 1994)); *see also* 77 Fed. Reg. at 76,170-71. And the Federal Circuit has held that section 502 allows it to review the denial of a petition for rulemaking. *See Preminger v. Sec'y of Veterans Affairs*, 632 F.3d 1345, 1352 (Fed. Cir. 2011). The VA treated its 2013 Denial Letter as precisely this type of action. Appellants offer no reason why, in light of this case law, they cannot seek relief in the Federal Circuit for agency actions other than regulations.[2]

---

[2] We decline to speculate whether any action brought in the Federal Circuit would be timely, as the issue is not before us on

Moreover, another exception to section 511(a)'s bar permits individual veterans to appeal benefits determinations through the administrative process and eventually to the Federal Circuit. *See* 38 U.S.C. § 511(b)(4); *see also id.* §§ 7104, 7252, 7261, 7292. An individual veteran challenged the VA's Agent Orange policy via this route—and lost—in *Haas v. Peake*, 525 F.3d 1168 (Fed. Cir. 2008). There, the Federal Circuit deemed the agency's requirement that a claimant must have served on Vietnamese soil or in inland waterways to qualify for the presumption "a permissible interpretation of the statute and its implementing regulation." *Id.* at 1172.

Appellants assert that the administrative appeal process is insufficient, pointing to *Gray v. McDonald*, 27 Vet. App. 313 (2015). In *Gray*, the Court of Appeals for Veterans Claims reviewed the VA's determination that a particular harbor in Vietnam was an offshore waterway and that veterans who served there were not entitled to the presumption of exposure to Agent Orange. The court held that the decision was arbitrary and capricious, vacated the agency's policy, and

---

appeal. And although we rest our holding on section 511(a), we also observe that to the extent Appellants challenge documents that fall within the purview of section 502, that provision would appear independently to bar district-court review. *See* 38 U.S.C. § 502 (providing for review "only" in the Federal Circuit); *Veterans for Common Sense*, 678 F.3d at 1023 (explaining that if a "claim comes within either" section 511(a) or an exception in section 511(b) providing for exclusive review elsewhere, "the district court is divested of jurisdiction that it otherwise might have exercised"); H.R. REP. NO. 100-963, at 28 (1988) (noting congressional intent to "vest[] jurisdiction of challenges brought under the APA solely in the Court of Appeals for the Federal Circuit" and thereby "deprive[] United States District Courts of jurisdiction to hear such matters").

remanded the issue to the VA for reconsideration. *See id.* at 326-27. In Appellants' view, this vacatur and remand shows that the court lacked the power to order the VA "to grant the presumption of exposure to the entire spectrum of Blue Water Navy veterans." Appellants' Br. 19. Appellants read too much into the *Gray* opinion. That the court vacated unsupported agency action does not reveal any structural failing on its part; to the contrary, vacatur is the "normal remedy" for such deficiencies, even in Article III courts like ours. *Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014). And the Court of Appeals for Veterans Claims did not say that it was vacating and remanding the policy because it lacked power to order the VA to act; instead, it explained that it did so because it "decline[d] to usurp the Agency's authority and impose its own" definition of inland waterways. *McDonald*, 27 Vet. App. at 326. Indeed, the Court of Appeals for Veterans Claims has previously observed that it "has authority to issue extraordinary writs in aid of its jurisdiction pursuant to the All Writs Act," including writs of mandamus ordering the VA to act. *Ebert v. Brown*, 4 Vet. App. 434, 437 (1993) (citing 28 U.S.C. § 1651(a)).

Appellants further argue that the VA's slow pace in reconsidering the definition vacated in *Gray* underscores the inadequacy of the administrative appeal process. But veterans and organizations are not without a remedy for delay by the VA. They may bring an action in the Court of Appeals for Veterans Claims to "compel action of the Secretary unlawfully withheld or unreasonably delayed." 38 U.S.C. § 7261(a)(2). We cannot ignore the limits Congress has imposed on district courts' jurisdiction merely because we might prefer the VA to move at a faster pace.

Finally, Appellants assert that if we affirm the district court's reading of section 511(a), we will produce "an absurd

result" by divesting various tribunals—including the Board of Veterans' Appeals, the Federal Circuit, and the Supreme Court—of jurisdiction to review the VA's actions. *See Landstar Express Am., Inc. v. Fed. Mar. Comm'n*, 569 F.3d 493, 498 (D.C. Cir. 2009) ("A statutory outcome is absurd if it defies rationality."). We disagree. As we have explained, statutory exceptions to section 511(a)'s bar allow these bodies to review certain VA decisions. *See* 38 U.S.C. § 511(b)(1), (4). Our conclusion that the *district court* lacked jurisdiction to hear Appellants' challenge does not bar review in these other fora.

## IV

We affirm the district court's dismissal of Appellants' complaint.