**FILED**

JUL 30 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LUKE C. TEIXEIRA,                    )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )        Civil Action No. 18-1304 (UNA)
                                     )
DEPARTMENT OF VETERANS AFFAIRS,      )
                                     )
        Defendant.                   )

## MEMORANDUM OPINION

This matter is before the Court upon consideration of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff is a disabled veteran who suffers from depression and a service-connected back condition. Compl. at 1. He also has a psycho-sexual disorder, pedophilia ("PSD-P"), which was diagnosed after his discharge from the United States Army. *Id.* Plaintiff now is serving a life sentence in the custody of the Texas Department of Criminal Justice ("TDCJ"), *see id.* at 1-2, yet its Rehabilitation Division refuses to treat his PSD-P, *id.* at 2. According to plaintiff, PSD-P places him in "priority group I" and renders him eligible for treatment through the Department of Veterans Affairs ("VA"). *Id.* He explains he asked that defendant "allow him to utilize his prio[r]ity group I eligibility to provide . . . treatment for his serious medical need, namely: PSD-P," that defendant denied the request, and that plaintiff's many subsequent inquiries have not been answered. *Id.* Plaintiff asserts that defendant's refusal to provide treatment violates rights protected by the Eighth and Fourteenth Amendments to the United States Constitution. *Id.* at 4. Among other relief, plaintiff seeks an order directing defendant to "[i]mmediately arrange for

[him] to be allowed to use his V.A. Health Care to obtain treatment for PSD-P by a medical practitioner with . . . expertise in treating patients with [this condition]." *Id.*

The Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans[.]" 38 U.S.C. § 511(a). The Secretary's decision "as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court[.]" *Id.* Because § 511 precludes review by this federal district court "of VA decisions affecting the provision of veterans' benefits[,]" *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam), this Court lacks subject matter jurisdiction over plaintiff's claims. *See Blue Water Navy Vietnam Veterans Ass'n, Inc. v. McDonald*, 830 F.3d 570, 573 (D.C. Cir. 2016); *Thornton v. United States*, 281 F. Supp. 3d 116, 119 (D.D.C. 2017) (quoting), *appeal docketed*, No. 18-5049 (D.C. Cir. Feb. 21, 2018); *Melvin v. U.S. Dep't of Veterans Affairs*, 70 F. Supp. 3d 350, 358 (D.D.C. 2014), *aff'd*, No. 14-5263, 2015 WL 3372292, at *1 (D.C. Cir. May 6, 2015) (per curiam); *see also Peavey v. Holder*, 657 F. Supp. 2d 180, 186 (D.D.C. 2009) (dismissing challenge to VA's decisions on benefits claim notwithstanding veteran's "attempts to avoid application of § 511 by labeling his claims as constitutional claims").

The Court will dismiss the complaint for lack of subject matter. An Order is issued separately.

DATE: July 30 , 2018

_____
United States District Judge