**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2046
_____

JAMEEL IBRAHIM,


Appellant

v.


UNITED STATES DEPARTMENT OF VETERAN AFFAIRS; MICHAEL P. BLAZIS;
DANIEL UMLAUF; MICHAEL BUCOLO; SOYA JONES-RODGERS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2:18-cv-10023)
District Judge: Kevin McNulty

_____



Submitted Pursuant to Third Circuit LAR 34.1(a)
October 2, 2019


Before: MCKEE, COWEN and RENDELL, <u>Circuit Judges</u>


(Opinion filed October 18, 2019)

_____

O P I N I O N*
_____

PER CURIAM

Pro se appellant Jameel Ibrahim appeals the District Court's dismissal of his claims against the United States Department of Veteran Affairs ("DVA") and several DVA officers. For the reasons that follow, we will affirm the District Court's judgment.

In June 2018, Ibrahim filed a complaint in the District Court, bringing claims under the Federal Tort Claims Act ("FTCA") and the Administrative Procedure Act, as well as generally claiming conspiracy, fraud, and a due process violation. Ibrahim alleged that, in 2012, he filed a claim for benefits with the DVA for injuries related to his service in the United States Navy from 1980-1982. He further alleged that his claim was denied, as was a subsequent appeal. Ibrahim listed several other injuries that he claimed to have suffered, for which he also sought compensation in his complaint.

Defendants moved to dismiss Ibrahim's complaint for lack of subject matter jurisdiction. In response, Ibrahim argued that he was also eligible for vocational rehabilitation benefits but had been denied those benefits in 2016 and 2018. The District Court granted defendants' motion, and Ibrahim timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Ibrahim's complaint. See Tobak v.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Apfel, 195 F.3d 183, 185 (3d Cir. 1999).

The District Court correctly dismissed Ibrahim's claims. First, Ibrahim's FTCA claim — seeking relief for an alleged federal constitutional tort — is not cognizable. Although FTCA claims can be brought against the United States for certain torts committed by federal employees, the FTCA does not permit a suit against an agency in its own name or against individual employees, and Ibrahim did not name the United States as a defendant. See 28 U.S.C. § 2679; FDIC v. Meyer, 510 U.S. 471, 476 (1994). Even if he had, the United States can be sued only if it has waived sovereign immunity, see Meyer, 510 U.S. at 484, and the FTCA permits claims against the United States for damages only in limited circumstances, see 28 U.S.C. § 1346(b). Because "federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right" and state law is "the source of substantive liability under the FTCA," the United States is not "liable under § 1346(b) for constitutional tort claims." See Meyer, 510 U.S. at 478; see also 28 U.S.C. § 1346(b).

Next, the District Court properly concluded that it lacks subject matter jurisdiction to consider Ibrahim's remaining claims, pursuant to 38 U.S.C. § 511.[1] Under § 511(a), a decision by the Secretary of Veterans Affairs on any question of law or fact that is necessary to a decision made under a law that affects the provision of veterans' benefits

---

[1] To the extent that Ibrahim's complaint can be read to include claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), such claims are not available against a federal agency, see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001), and even if such a cause of action was available to Ibrahim for the remaining defendants, Ibrahim did not provide factual allegations regarding any individual defendant in his complaint.

3

is "final and conclusive and may not be reviewed by any other official or by any court," subject to limited exceptions. The only applicable exception, as the District Court explained, is that veterans' benefits determinations may be reviewed under a specific process set out by statute: an appeal to the Board of Veterans' Appeals, then to the Court of Appeals for Veterans Claims, then to the Court of Appeals for the Federal Circuit and, finally, to the United States Supreme Court. See 38 U.S.C. §§ 7104(a), 7252(a), 7266(a), 7292.

Ibrahim ultimately seeks review of several veterans' benefits determinations, making his remaining claims fit squarely within the purview of § 511(a). See Blue Water Navy Vietnam Veterans Ass'n, Inc. v. McDonald, 830 F.3d 570, 574 (D.C. Cir. 2016) (explaining that § 511 bars district court review of a claim "when 'underlying the claim is an allegation that the VA unjustifiably denied . . . a veterans' benefit'") (citation omitted); Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1032 (9th Cir. 2012) (en banc) (concluding that the jurisdictional limitation in § 511(a) "extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases"); Weaver v. United States, 98 F.3d 518, 520 (10th Cir. 1996) (determining that a district court lacked subject matter jurisdiction to consider a litigant's allegations of conspiracy, fraud, and misrepresentation against DVA officials as the litigant ultimately sought "review of actions taken in connection with the denial of [his] administrative claim for benefits" and thus his claims were "nothing more than a challenge to the underlying benefits decision"). Thus, the District Court lacks subject

4

matter jurisdiction over Ibrahim's remaining claims. If Ibrahim seeks to challenge his benefits determinations by the DVA, he must follow the appeals process outlined by statute.

Accordingly, we will affirm the District Court's judgment.