# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 25-5100**

**September Term, 2025**

**1:23-cv-03157-TSC**

**Filed On:** April 21, 2026

Roland Hills,

      Appellant

    v.

United States of America, et al.,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:** Wilkins, Katsas, and Rao, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by appellant and the Veterans of Foreign Wars ("VFW") appellees. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's March 28, 2025, order dismissing this case be affirmed as to appellant's claims against the VFW appellees. Subject to exceptions not at issue here, determinations by the Department of Veterans Affairs on "all questions of law and fact necessary to a decision . . . under a law that affects the provision of benefits" are "final and conclusive and may not be reviewed . . . by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a). This court has already concluded that this statute barred the district court from exercising jurisdiction over appellant's claims against the federal appellees. See Hills v. United States, No. 25-5100, 2025 WL 2423303, at *1 (D.C. Cir. Aug. 21, 2025) (per curiam). Appellant has failed to carry his burden of demonstrating that the same conclusion does not apply to his claims against the VFW appellees. See Blue Water Navy Vietnam Veterans Ass'n, Inc. v. McDonald, 830 F.3d 570, 574 (D.C. Cir. 2016).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution

of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**