**Larry E. BELTON, Sr., Appellant**

v.

**UNITED STATES of America, et al., Appellees.**

**No. 11–5105.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 2, 2011.

Larry E. Belton, Sr., Corcoran, CA, pro se.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: SENTELLE, Chief Judge, KAVANAUGH, Circuit Judge, and GINSBURG, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed February 28, 2011, be affirmed. The district court properly determined that it lacked subject matter jurisdiction over appellant's claims brought pursuant to the 42 U.S.C. §§ 1983 and 1985 and the Federal Tort Claims Act ("FTCA"). *See Price v. United States,* 228 F.3d 420, 421 (D.C.Cir.2000) (holding that the "district court lacked jurisdiction to consider an indirect challenge to the government's veterans' benefits determination" because the Veterans' Benefits Act of 1957 "precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits"). Appellant's FTCA claims also fail because the United States "has not rendered itself liable under [the FTCA] for constitutional tort claims." *FDIC v. Meyer,* 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). To the extent appellant asserts claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 396, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), these claims are foreclosed by *Thomas v. Principi,* 394 F.3d 970, 976 (D.C.Cir.2005) (holding that a *Bivens* action is not available "against VA employees for constitutional torts in the context of a dispute over veterans' benefits").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.