# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 13-5104**                                                                **September Term, 2013**

**1:11-cv-01210-RJL**

**Filed On:** January 8, 2014

Stan Hunt,

        Appellant

    v.

United States Department of Veterans Affairs,

        Appellee


**BEFORE**:    Henderson, Brown, and Srinivasan, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance, the Clerk's order to show cause filed October 10, 2013, and the response thereto, it is

**ORDERED** that the order to show cause be discharged.  It is

**FURTHER ORDERED** that the motion for summary affirmance be granted.  The merits of the parties' positions are so clear as to warrant summary action.  See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant forfeited his Freedom of Information Act claim by failing to address it on appeal.  See Doe v. District of Columbia, 93 F.3d 861, 875 n.14 (D.C. Cir. 1996). Appellant has not shown any genuine issue of material fact with respect to the adequacy of the search for his missing medical records, so the Department of Veterans Affairs ("VA") is entitled to summary judgment on his claim for a violation of the Privacy Act's access provision.  See Chambers v. U.S. Dep't of the Interior, 568 F.3d 998, 1003 (D.C. Cir. 2009).  Appellant does not allege that he asked the VA to amend any of his records, so he has failed to state a claim for a violation of the Privacy Act's amendment provision.  See 5 U.S.C. § 552a(g)(1) (individual may file civil action where agency makes a determination not to amend individual's record in accordance with his request). The district court lacked subject matter jurisdiction over appellant's Privacy Act claims for damages, because the claims are based on the assertion "that the VA's failure to maintain accurate and complete records adversely affected [a veteran's] benefits determinations."  Thomas v. Principi, 394 F.3d 970, 975 (D.C. Cir. 2005); see also 38

U.S.C. § 511(a); Price v. United States, 228 F.3d 420 (D.C. Cir. 2000) (district court lacks subject matter jurisdiction over state law claim whose resolution would require court to decide whether VA acted in bad faith in refusing to reimburse veteran for medical care).  Because appellant has not identified any Privacy Act violation, he is not entitled to declaratory relief.  Finally, the district court did not abuse its discretion in denying in part appellant's motion for reconsideration.  See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Pursuant to D.C. Circuit Rule 36(c)(2)(F), this decision will be published because it affirms a decision of the district court upon grounds different from those set forth in the district court's published opinion.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**