**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| **MARTIN MCMAHON**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-cv-3774 (TSC) |
| | ) | |
| **TED CRUZ, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Martin McMahon, proceeding *pro se*, has sued Defendants Senator Ted Cruz, Senator Lindsey Graham, Senator Mitch McConnell, and Senator Rand Paul, claiming they would not hold a fair and impartial Senate trial on the House of Representative's two articles of impeachment adopted against President Donald J. Trump. McMahon seeks a preliminary injunction to prevent Defendants from holding a biased Senate trial on the two articles of impeachment, and to prevent certain Senators from participating in the trial. (ECF No. 5 ("Pl. Mot.").) Defendants oppose and move to dismiss the Complaint for lack of subject-matter jurisdiction. (ECF No. 18 ("Def. Opp.").) Upon consideration of the motions and the parties' briefs, and for the reasons set forth below, the court will GRANT Defendants' motion to dismiss and therefore will DENY as moot Plaintiff's motion for a preliminary injunction.

**I.      BACKGROUND**

McMahon is a D.C.-based attorney, who is proceeding in this matter *pro se*. (Am. Compl. at 1, 20, ¶ 7.) He alleges that "American citizens like the Plaintiff deserve to learn all the facts concerning whether their President has abused the powers of his office or whether the impeachment process was initiated for an ulterior motive[.]" (*Id.* ¶ 29.) McMahon claims

Defendants, and other Senators, interfered with his right to "witness an authentic impeachment trial" by making public statements indicating the Senate will not hold a fair and impartial trial. (*Id.* at 2–3.) He alleges that Defendants' public statements show that "they have no intention of voting for President Trump's removal, no matter what the trial evidence reveals," (*Id.* ¶ 8), and that they want a "truncated trial with no exhibits, no witnesses, and no reading into the record of the relevant deposition testimony," (*Id.* ¶ 23; *see also* ¶¶ 19, 32–33.) McMahon claims he has suffered a "significant injury" because Defendants have prevented him from "assess[ing]" whether the President "abused the powers of his office." (*Id.* at 15, 16, 18.)

On this basis, McMahon asserts that Defendants interfered with his Ninth Amendment right "as an American citizen to witness an authentic impeachment trial." (*Id.* ¶¶ 28–29.) He further alleges that Defendants entered into a civil conspiracy that "deprived the Plaintiff and all U.S. citizens of their right to witness an authentic impeachment trial[.]" (*Id.* ¶¶ 41, 42, 44.) McMahon therefore seeks the "limited relief" of having this court "function as Special Master" over the Senate trial, and asks this court to disqualify the Defendants from serving as floor managers or jurors during the Senate trial, determine which other Senators have "prejudged the trial's outcome" and disqualify them from serving as jurors during the trial, order the Senate to require witnesses testify at the trial, and order the Senate to use an anonymous jury. (*Id.* at 14–16, 18, ¶ 37.)

On January 2, 2020, McMahon moved for a preliminary injunction to "preserve[] the status quo" before the start of the Senate trial and during adjudication of his claims against the Defendants. (Pl. Mot. at 1.). Defendants' opposition to the motion for preliminary injunction states they seek to dismiss the action under Federal Rule of Civil Procedure 12(h)(3), which provides "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action." (Def. Opp. at n.1.) The court construed this to be a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and ordered briefing on the motion. McMahon failed to file a specific opposition to the motion to dismiss, but did file a reply to Defendants' opposition to the motion for preliminary injunction. (ECF No. 19 ("Pl. Reply").) Defendants filed their reply to the motion to dismiss on February 11, 2020. (ECF No. 20 ("Def. Reply").)[1] Accordingly, both the motion for preliminary injunction and motion to dismiss are ripe for review.

## II. LEGAL STANDARD

Federal courts are of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). "Limits on subject-matter jurisdiction 'keep the federal courts within the bounds the Constitution and Congress have prescribed,' and those limits 'must be policed by the courts on their own initiative.'" *Watts v. SEC*, 482 F.3d 501, 505 (D.C. Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583 (1999)). The law presumes that "a cause lies outside [the court's] limited jurisdiction" unless the party asserting jurisdiction establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Thus, plaintiffs bear the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002).

---

[1] In Defendants' reply they also note that the case is moot because the Senate trial concluded on February 5, 2020. (Def. Reply ¶ 2.) Because Defendants raised this argument in reply and the Plaintiff's case fails for other reasons, the court need not reach the issue.

In evaluating a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1), a court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff[s] the benefit of all inferences that can be derived from the facts alleged[.]'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). But the court "need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept [plaintiffs'] legal conclusions." *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). A motion to dismiss under 12(b)(1) "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). And "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing, *inter alia*, *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

"Where the non-moving party is proceeding *pro se*, courts in this jurisdiction will construe the non-moving party's filings liberally." *Cunningham v. U.S. Dep't of Justice*, 40 F. Supp. 3d 71, 82 (D.D.C. 2014), *aff'd*, No. 14-5112, 2014 WL 5838164 (D.C. Cir. Oct. 21, 2014). However, an attorney proceeding *pro se* is "presumed to have knowledge of the legal system," and "[a]s a result, he is not entitled to the same level of solicitude often afforded non-attorney litigants proceeding without legal representation." *Lempert v. Power*, 45 F.Supp.3d 79, 81 n.2 (D.D.C. 2014), *aff'd*, 618 Fed. App'x 3 (D.C. Cir. 2015), *cert. denied*, 136 S. Ct. 1465 (2016). Under either standard, McMahon's complaint must be dismissed.

## III. ANALYSIS

The Constitution limits the jurisdiction of the federal courts to actual "Cases" and "Controversies." U.S. Const. Art. III, § 2. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy" that "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Because standing "is an essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), "the defect of standing is a defect in subject matter jurisdiction," *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

To satisfy Article III standing, a plaintiff must have at least "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 136 S. Ct. at 1547 (citations omitted). The injury must involve "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[.]" *Lujan*, 504 U.S. at 560 (citations, internal quotation marks, and internal alterations omitted). The plaintiff "must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

McMahon's alleged injury cannot confer standing because it is neither concrete nor particularized; he only states a generalized grievance. The Supreme Court has repeatedly held that a plaintiff "claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large [] does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74; *see also Warth*, 422 U.S. at 499 ("[W]hen the asserted harm is a 'generalized grievance'

5

shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant jurisdiction."); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, n.3 (2014) (noting that generalized grievances fail to meet the constitutional "cases" or "controversies" requirement).

McMahon claims he has suffered a "significant injury" because Defendants have prevented him from "assess[ing]" whether the President "abused the powers of his office." (Am. Compl. at 15, 16, 18.) This alleged injury is abstract, and any citizen could raise it. McMahon himself concedes this in his Amended Complaint: "Based on recent polling statistics, 50% of all Americans have the same concern." (*Id.* at 15.) He pleads that the alleged harm affects "a lot of" and "other" Americans. (*Id.* ¶¶ 7, 9.) Even in his motion for preliminary injunction, McMahon admits that he "is not concerned whether this Court will grant his personal application for injunctive relief. He is much more concerned that the American public will benefit from a favorable ruling." (Pl. Mot. at 6.) Because McMahon has pleaded only a generalized grievance that he shares "in substantially equal measure by all or a large class of citizens," *Warth*, 422 U.S. at 499, he has failed to state an Article III case or controversy.

Moreover, McMahon declined to respond to this argument, despite the court directing him to file a response to the Defendants' motion to dismiss. Instead, he acknowledged that Defendants had challenged standing and chose not to address the issue. (Pl. Reply at ¶ 1.) Therefore, the court treats Defendants' arguments as conceded. *See Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 F. App'x. 8 (D.C. Cir. 2004) (citing *FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997)) (other citation omitted). Accordingly, this case will be dismissed.

Because this court finds that McMahon lacks standing to pursue his claim, the court need not reach Defendants' other arguments on political question doctrine or immunity under the Speech or Debate Clause.

## IV.    CONCLUSION

For the reasons stated, Defendants' motion to dismiss will be GRANTED and therefore Plaintiffs' motion for preliminary injunction will be DENIED as moot.  A corresponding Order will issue separately.


Date:  February 19, 2020


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge