**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2583
_____

JAIN-MIECELL IRWIN ROBERSON,

Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:22-cv-00877)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 24, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, Circuit Judges

(Opinion filed: May 10, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

Jain-Miecell Roberson brought suit pro se against the United States, ostensibly

under the Federal Tort Claims Act ("FTCA") in relation to two evaluations that he had

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

for hearing loss.  At the first, on January 28, 2019, a Veterans Affairs ("VA") examiner tested his hearing "[d]uring a compensation and pension examination," ECF No. 1 (Complaint) at 2, the report of which was attached to his complaint, ECF No. 1-2 (Compensation and Pension Exam Note) at 5-9.  On October 31, 2019, another VA audiologist "performed a similar test," ECF No. 1 at 2, the results of which are described in a progress note "for initial consult due to some speech understanding difficulties," ECF No. 1-2 at 10-11.  The tests resulted in different readings, both below the threshold for the issuance of hearing aids, and both with high scores for word recognition that Roberson did not think were accurate because he did not know many of the words.

Roberson further alleged that, in December 2019, he went to a hearing specialist outside the VA who tested him and found that his hearing was "significantly damaged beyond what the VA was reporting."  ECF No. 1 at 3.  She provided him with hearing aids, and he "was so surprised at the difference that [he] cried."  Id.  His "tinnitus seemed to stop, allowing [him] to have actual qui[et] moments which [he] hadn't had in over 15 years."  Id.  He asserted that either the VA misdiagnosed him or "purposely grades hearing loss at a lower level so they do not have the expense of hearing aids to be issued."  Id.  He concluded by stating that "[e]ither way, the VA failed to diagnose [his] significant hearing loss, provide hearing aids, which help with combat[t]ing tinnitus."  Id. He sought monetary damages.

The United States first filed a motion to dismiss the complaint for failure to state a claim because Roberson had not complied with the certificate-of-merit requirement of

2

Pennsylvania Rule 1042.3.[1]  Before the District Court ruled on that motion, the United

States filed a second motion to dismiss, this time for lack of subject-matter jurisdiction

under § 511(a) of the Veterans' Judicial Review Act of 1988 ("VJRA").  Roberson

opposed the motion, arguing that the VJRA's bar on challenges to benefits decisions did

not bar his suit under the FTCA for professional negligence.  Over Roberson's lengthy

objections, the District Court adopted the report and recommendation of a Magistrate

Judge and dismissed the complaint for lack of subject-matter jurisdiction.[2]  Roberson

filed a timely notice of appeal.[3]

---

[1] This was before we held that Rule 1042.3's certificate-of-merit requirement does not apply in FTCA cases.  See Wilson v. United States, 79 F.4th 312, 316 (3d Cir. 2023).

[2] The District Court denied the first motion to dismiss as moot.

[3] The United States previously filed a motion for summary affirmance, which we denied. At that time, we asked the parties to brief whether the provision of hearing aids is a benefit as the term is understood in § 511(a) of the VJRA; whether § 511(a), to the extent that it bars claims about benefit decisions, bars not only individual claims but also claims about benefit decisions affecting groups of veterans, including Appellant's claim that the VA "purposely grades hearing loss at a lower level so they do not have the expense of hearing aids to be issued," ECF No. 1 at 3; and whether Roberson included allegations in his complaint that are not barred by § 511(a).  See 3d Cir. Doc. No. 11 (Order of Nov. 1, 2023).  In the brief that Roberson filed in response, he clarified that his discussion about the grading of hearing loss was just to show "a potential motivation" for the actions in his case and, to the extent that a statistical analysis would reveal anything, he "would only like to consider [it]" relating to his own case.  3d Cir. Doc. No. 13 at 2-3.  He does not think that he should be the person to "represent multiple veterans" and "it is not a request of [his] case" that "other veterans . . . be reevaluated or notified" or that the VA conduct "an internal investigation" or "retraining."  Id. at 4.  Accordingly, we do not consider his complaint as raising a claim about a benefits decision affecting a group of veterans or on behalf of a group of veterans.

3

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing the complaint for lack of subject-matter jurisdiction. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). Upon consideration of the VJRA, the FTCA, the relation between them, and the specific nature of Roberson's claims, we will affirm in part and vacate in part the District Court's ruling.

The VJRA provides that

> The Secretary [of Veterans' Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. . . . [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). Courts have interpreted the VJRA to preclude judicial review of "any type of substantive benefits decision"; i.e., "any and all determinations by the Secretary as to eligibility, entitlement, or the scope of benefits (including health care benefits)." Smith v. United States, 7 F.4th 963, 985 (11th Cir. 2021). Additionally, courts have interpreted it to bar review of "any decision made by the Secretary in the course of making a benefits determination." Tunac v. United States, 897 F.3d 1197, 1202 (9th Cir. 2018) (citation and quotation marks omitted); see also Smith, 7 F.4th at 985.

Meanwhile, the FTCA states that

> [T]he the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private

4

person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346. And veterans may bring suit under the FTCA if they are injured because of malpractice or negligence of a VA health care employee providing care or treatment on behalf of the VA.[4] See 38 U.S.C. § 7316(a)(1); see also United States v. Brown, 348 U.S. 110, 113 (1954).

Courts have held that the VJRA does not bar true FTCA claims. See, e.g., Tunac, 897 F.3d at 1205 (holding that a claim "against a VA health care employee . . . alleging injury from a negligent medical decision . . . may proceed under the FTCA and is not barred by the VJRA"). And courts have developed rules to distinguish tort claims that can be heard under the FTCA from unreviewable benefits claims cloaked in tort language. See Smith, 7 F.4th at 978-84 (outlining the relevant cases and principles); see also Tunac, 897 F.3d at 1202-06; Thomas v. Principi, 394 F.3d 970, 974-75 (D.C. Cir. 2005) (asking "whether adjudicating [the] claims would require the district court to determine first whether the VA acted properly in handling [a] benefits request").

---

[4] "The term 'health care employee' . . . means a physician, dentist, podiatrist, chiropractor, optometrist, nurse, physician assistant, expanded-function dental auxiliary, pharmacist, or paramedical (such as medical and dental technicians, nursing assistants, and therapists), or other supporting personnel." 38 U.S.C. § 7316(a)(2). We conclude that the term "other supporting personnel," in the context in which it appears, is broad enough to include audiologists. See Tunac, 897 F.3d at 1204 ("In light of the specific list of healthcare professionals, we read the catchall phrase 'other supporting personnel' to mean support staff directly engaged in patient care like the listed professionals.").

5

To the extent that Roberson alleged that the VA should have issued him hearing aids or challenged the decision to not provide him with hearing aids, his claims clearly fall within the category of claims barred by the VJRA.[5] Cf. Price v. United States, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam) ("Because Price [who claimed that the VA had failed to reimburse him for medical expenses] is challenging the VA's action or inaction with respect to a veterans' benefits matter, the district court lacked subject matter jurisdiction over the complaint.")

To the extent that Roberson alleged a "failure to diagnose" his hearing loss, we must look carefully at the contexts in which his claims arose. As to any claim relating to how the January 2019 compensation and pension exam was conducted, we must conclude that the VJRA bars review. A compensation and pension exam, or claim exam, is an exam to help the VA determine if a veteran has a service-connected disability or to help the VA rate such a disability. See VA Claim Exam (C&P Exam) | Veterans Affairs (https://www.va.gov/disability/va-claim-exam/) (last checked Mar. 26, 2024). That rating determines, inter alia, eligibility for VA benefits. See About VA Disability Ratings | Veterans Affairs (https://www.va.gov/disability/about-disability-ratings/) (last checked Mar. 26,

_____

[5] While the parties debate whether hearing aids are a benefit, the broad definition in the relevant regulation supports our consideration of them as a benefit. See 38 C.F.R. § 20.3 ("Benefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors."); 38 C.F.R. § 17.38 (listing "hearing aids as authorized under [38 C.F.R.] § 17.149" as part of the "medical benefits package" for veterans). (Section 17.149 describes the circumstances under which the VA will furnish hearing aids to veterans.)

2024). Accordingly, because an inquiry into Roberson's claim of negligence or malpractice relating to this exam would require the District Court to determine whether the VA acted properly in making a decision about benefits, that claim is barred by the VJRA. See Thomas, 394 F.3d at 975.

However, the District Court has jurisdiction to hear Roberson's claim of negligence or malpractice—that is separate from Roberson's claim about the VA's failure to pay for or provide hearing aids—relating to a VA audiologist's purported failure to diagnose his hearing loss at the October 2019 consultation. The District Court need not evaluate any decision made by the Secretary in the course of a benefits decision in evaluating whether the audiologist was negligent while providing an initial consultation (where no one disputes, at least not at this stage, Roberson's entitlement to that consultation as a VA benefit). Instead, the District Court must evaluate the legal duty owed by the audiologist and determine whether there was a breach of that duty and any resulting harm.[6] Accordingly, the District Court can consider the claim about the audiologist's failure to properly test Roberson's hearing and diagnose him with hearing loss. See Smith, 7 F.4th at 987 (holding that a district court had jurisdiction over a claim that VA medical professionals owed a veteran "a legal duty of standard medical care and breached

---

[6] We acknowledge, for purposes of the jurisdictional analysis, that Roberson's complaint can be construed as describing a harm (continued tinnitus and related suffering) from the failure to diagnose that he could have avoided or alleviated in ways separate from obtaining hearing aids from the VA (for instance, he could have sought help or hearing aids elsewhere sooner had he had a proper diagnosis sooner). However, we express no opinion about the merit of his claim.

that duty by . . . failing to recognize and diagnose the . . . nature of his . . . condition"); Tunac, 837 F.3d at 1205 (holding that a district court properly exercised jurisdiction over claims that could be construed as alleging a failure to "order[] the proper tests and perform[] proper evaluations"); cf. Anestis v. United States, 749 F.3d 520, 527 (6th Cir. 2014) (explaining that a failure or denial of treatment resulting from "the VA's negligence in failing to abide by a legal duty" is distinct from a failure or denial to treat resulting "from a decision by the VA").

For these reasons, we will affirm in part and vacate in part the District Court's ruling and remand this matter for further proceedings consistent with this opinion.