# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 22-5196**                          **September Term, 2022**

**1:22-cv-00966-UNA**

**Filed On:** December 13, 2022

Evangelistic Chaplain Uni'que Godson,

       Appellant

    v.

Veterans Administration, et al.,

       Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:** Katsas and Walker, Circuit Judges, and Sentelle, Senior Circuit Judge

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motions to appoint counsel, and the motion for a cease and desist order, which the court construes as requesting injunctive relief, it is

**ORDERED** that the motions for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for a cease and desist order be denied. Appellant has not identified any basis for injunctive relief. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed May 16, 2022, be affirmed. Appellant has not raised any argument regarding the merits of the district court's dismissal and thus has forfeited any such challenge. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004). In any event, this court lacks jurisdiction over claims affecting the provision of veterans' benefits. Price v. United States, 228 F.3d 420, 421 (D.C. Cir. 2000). Additionally, sovereign immunity bars claims against the U.S. Postal Service in the absence of a

**No. 22-5196**                                   **September Term, 2022**

waiver, <u>Dolan v. U.S. Postal Serv.</u>, 546 U.S. 481, 484 (2006), and appellant has not shown any applicable waiver of sovereign immunity.

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>

        **FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
       Daniel J. Reidy
       Deputy Clerk